SALLIE CHILDS ET AL. v. F. E. HILL ET AL.

Decided December 10, 1898.

**Sale Under Trust Deed—Time and Place—Statute Construed.**

A sale of real estate under a deed of trust executed March 5, 1888, is void where the advertisement of the sale was not in accordance with the power conferred in the deed, since the provisions of the Act of March 21, 1889, requiring all such sales thereafter made to be made in the county in which such real estate is situated and notice to be given as required in judicial sales, do not apply to sales made under a deed of trust executed prior to its adoption. Following Loan Association v. Hardy, 86 Texas, 610.

APPEAL from Freestone. Tried below before Hon. L. B. COBB.

*Boyd, Compton & Anderson,* for appellants.

No brief for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit instituted in the District Court of Freestone County by Sallie Childs, for herself and as guardian of the estates of the minors, Elvira, Maud, Alta, and Nellie Childs, against F. E. Hill, in the form of trespass to try title to recover 207 acres of land situated in said county. The defendant vouched in Geo. E. Mann and R. A. Willis, the independent executors under the will of R. S. Willis, deceased, and answered by a general denial and plea of not guilty. There was a trial before the court, which resulted in a judgment for defendants. From this judgment plaintiffs have duly prosecuted an appeal to this court. The case is brought into this court as an agreed case under article 1414 Revised Statutes of 1895. It was agreed that the property was the property of the plaintiff, Sallie Childs, and her deceased husband, M. J. Childs. M. J. Childs executed a deed of trust upon the property to secure R. S. Willis & Bro. in a note executed by him to them for $2500. M. J. Childs defaulted in the payment of this note and the substitute trustee sold the property under the deed of trust, and it was purchased by Goldthwaite. The defendants claim title by mesne conveyances from Goldthwaite.

The only question raised on this appeal is as to the validity of the sale made by the substitute trustee under said deed of trust.

The deed of trust was executed on March 5, 1888, conveying the land situated in Freestone County, Texas, to secure a note maturing January 1, 1889, and provided in case of default in payment of the note for the sale of the property after "advertising time, place, and terms of sale * * * in a newspaper published in Galveston County, Texas, for at least twenty days prior to the day of sale; such publication to be made at least three times during said time; to sell the same in accordance with such advertisement at public auction in front of the courthouse door of Galveston County, in the State of Texas, to the highest bidder for cash," etc.

On November 6, 1889, default having been made in the payment of the note, a substitute trustee, who had been duly appointed, after having advertised the property for more than twenty days, by posting notices at three public places in Freestone County, one of which was posted at the courthouse door of said county, and also having advertised same in the Fairfield Recorder, a weekly newspaper published in said Freestone County, by an advertisement inserted on the 18th day of October, 1889, and continued until the day of sale, sold the property before the courthouse door of said Freestone County on November 6th, at which sale Goldthwaite became the purchaser, and a deed was executed to him,

reciting the advertisement in Freestone County, Texas, under which the sale was made. The defendants claim under this deed.

On the 21st day of March, 1889, the Legislature of Texas passed "An act to prescribe the place and time of sale of all real estate thereafter to be sold under power conferred by any deed of trust or other lien," by the terms of which act it was provided that all sales thereafter made under powers conferred by deeds of trust should be made in the county in which such real estate is situated, and notice should be given as required in judicial sales. This statute was in force when the sale was made under which Goldthwaite purchased, and the substitute trustee in making the sale evidently acted under this statute, and not under the power conferred in the trust deed.

It has been held that this statute did not apply to sales made under deeds of trust executed prior to its adoption, and that in foreclosing such deeds of trust the trustee must follow the remedy prescribed by the contract. Loan Assn. v. Hardy, 86 Texas, 610.

· The case above cited, we think, is decisive of the case before us. The deed of trust required notices to be published for twenty days in a newspaper published in Galveston County, and the sale to be made before the courthouse door of said Galveston County. These requirements were not complied with. Three notices were posted in Freestone County, one being at the courthouse door, for twenty days, and a notice was also published in the Fairfield Recorder, a newspaper published in said Freestone County, for nineteen days, and the sale took place before the courthouse door of Freestone County.

This advertisement was not in accordance with the power conferred in the deed of trust, and the sale made to Goldthwaite was void, and conferred no title upon the purchaser. Loan Assn. v. Hardy, supra; Fuller v. O'Neal, 69 Texas, 349.

The record shows that the appellants proved title to the land in controversy, and under this opinion the appellees having failing to show title, the judgment will be reversed and here rendered for appellants.

*Reversed and rendered.*