HOUSTON FIRST AMERICAN
SAVINGS, et al., Petitioners,

v.

Vann MUSICK and C.C. Divine, et
al., Respondents.

No. C–1370.

Supreme Court of Texas.

April 20, 1983.

Rehearing Denied June 15, 1983.

Anderson, Brown, Orn & Jones, Nelson Jones, Houston, for petitioners.

Heath & Associates, Robert A. Heath, Gladys R. Goffney, Houston, for respondents.

RAY, Justice.

This is a trespass to try title case. Houston First American Savings Association, successor to American Savings & Loan Association of Houston, filed suit in 1966 to recover possession of 618.7 acres in Harris

County. Named as defendants were Vann Musick,[1] who claims an undivided ⅓ interest in the 618.7 acres, and C.C. Divine,[2] who claimed a specific 27 acres. The trial court rendered judgment non obstante veredicto in favor of Houston First American Savings (American). The court of appeals reversed the judgment of the trial court and remanded the cause with instructions to render judgment for Vann Musick and C.C. Divine consistent with the jury's verdict.[3]

We reverse the judgment of the court of appeals and render judgment that American take nothing from defendant Vann Musick and that the judgment of the trial court be affirmed in all other respects. American's claims against the respective defendants are unrelated and will be discussed separately.

### I. American v. Vann Musick

In 1951, W.O. Bartle conveyed the 618.7 acres in controversy to Ted and Levoy Musick, the brothers of Vann Musick. In 1952 Ted Musick and Levoy, joined by his wife Mary Ann Musick, conveyed an undivided ⅓ interest in the property to Vann Musick. On March 14, 1961, Vann Musick, joined by her brothers, executed a deed of trust covering the 618.7 acres to secure a note of the same date payable to Theodore Lucas, trustee of the J.B. Lucas Trust. This note was subsequently purchased by TWI Development Company, a corporation wholly owned by Levoy Musick and his wife. Thereafter, TWI appointed B.J. Brown, substitute trustee, to replace the trustee originally named in the deed of trust. At the trustee's sale held on July 2, 1963, Brown, as substitute trustee, conveyed the 618.7 acres to TWI. In June 1964, TWI conveyed the land to Harry Holmes, Jr. and W.M. Wheless, Sr., reserving an option to repurchase. Four months after this conveyance Levoy Musick died. Under the terms of his will, Mary Ann Musick became owner of all TWI stock and the repurchase option. Subsequently, TWI agreed to a plan for exercising its repurchase option. Pursuant to this plan, TWI repurchased the land and conveyed the 618.7 acres to Meyer Jacobson and T.S. Kent who used the land as collateral to secure a loan from American. On December 18, 1964, three transactions occurred:

1) TWI exercised its option and Holmes and Wheless executed a warranty deed to TWI;

2) Mary Ann Musick, as president of TWI conveyed the land to Kent and Jacobson by general warranty deed;

3) Kent and Jacobson executed a deed of trust to Ralph B. Lee as trustee for the benefit of American.

The deed of trust secured a loan of $150,000 from American to Kent and Jacobson. No payments were ever made on the promissory note. At a trustee's sale held on February 6, 1966, the property was sold to American for $25,000.

American initiated its trespass to try title action in 1966, naming as defendants several members of the Musick family who were already litigating their respective rights in the property. American's lawsuit and the Musick family litigation were consolidated in 1968. Thereafter, American's claims against Vann Musick and C.C. Divine were severed and a separate trial ordered. Before this case was tried, a separate trial was held between American, Levoy Musick, Mary Ann Musick, TWI and others who claimed an interest in the 618.7-acre tract. As between the parties to that suit, this Court rendered judgment for American. *American Savings and Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581 (Tex.1975).

In January, 1980, American's trespass to try title claim against Vann Musick and C.C. Divine came to trial. At the close of

---

1. Vann Musick has conveyed a part of her interest in the 618.7 acres to her attorney, Bob Heath.

2. C.C. Divine is deceased.

3. The court of appeals decision is unpublished. Tex.R.Civ.P. 452.

evidence American moved for an instructed verdict. The trial court denied American's motion and submitted twenty-four special issues requested by Vann Musick. All of the jury's answers to these issues favored Vann Musick. Vann Musick thereafter moved for judgment on the verdict. American filed an opposing motion for judgment non obstante veredicto. The trial court granted American's motion, finding that the jury's verdict was not supported by the pleadings or evidence and was immaterial.

The court of appeals reversed the judgment of the trial court and remanded the cause for entry of judgment on the jury's verdict. Although the court of appeals found evidence to support the verdict, the court did not specifically discuss the evidence or address which issue or issues served to defeat American's title.

American argues that the court of appeals has erred in remanding the cause for entry of judgment on the jury's verdict, because the special issues are immaterial and unsupported by the pleadings and evidence. American submits that the trial court correctly rendered judgment in its favor because it established superior title out of a common source.

American's claim of superior title depends upon the foreclosure of a deed of trust signed by Vann Musick and her brothers on March 14, 1961. This deed of trust was given to secure a note payable to Theodore Lucas, Trustee of the J.B. Lucas Trust. This deed of trust granted the trustee the power to sell the property at the request of the holder or payee of the note in the event of default. The deed of trust further set forth the conditions of the Trustee's power of sale which included, among others, that notice of the sale be posted in three public places in Harris County for at least twenty-one days prior to the sale. The deed of trust also contained the customary provisions authorizing the trustee, or a duly appointed substitute trustee, to recite in the trustee's deed the facts concerning the sale, and that such recitals should be prima facie evidence of the truth of the facts recited.

In order to connect this deed of trust to a substitute trustee's deed which purported to convey the 618.7-acre tract to TWI, American introduced in evidence a document entitled "Appointment of Substitute Trustee." This document recited that TWI was the owner and holder of the note and deed of trust, dated March 14, 1961. Although there was no other evidence in the record confirming that TWI bought the note and deed of trust from the J.B. Lucas Trust, none was necessary. Vann Musick admitted as a fact that Levoy Musick "bought the note and deed of trust in the name of TWI Development Company, a corporation" in a pleading which she entitled "Cross-Plaintiff's First Amended Petition." Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence. *Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726 (1941); 1A R. Ray, *Texas Law of Evidence,* § 1144 (Texas Practice 3d ed. 1980).

American next introduced in evidence the deed by which the substitute trustee conveyed the property to TWI. This deed recited compliance with all conditions of the deed of trust. American argues that the recitals in the substitute trustee's deed establish that the foreclosure sale at which TWI acquired the property conformed to the conditions set out in the deed of trust.

While we agree that these recitals are prima facie evidence that the terms of the trust were fulfilled, we note that the recitals in a trustee's deed only give rise to a presumption of validity and relate only to matters of evidence. *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671, 676 (1942). The presumption of the validity of the sale is not conclusive and may be rebutted. *Hart v. Eason,* 159 Tex. 375, 321 S.W.2d 574, 575 (1959). Although Vann Musick admitted in her "cross-claim" that TWI purchased the note and deed of trust and

thereby conceded TWI's authority to appoint a substitute trustee, Vann Musick nevertheless did rebut the presumption that the substitute trustee complied with the conditions contained in the deed of trust.

 The "Appointment of Substitute Trustee" recites that B.J. Brown was appointed substitute trustee on May 21, 1963. The appointment, however, refers to the volume and page where the deed of trust is recorded. Since the deed of trust was not recorded until June 17, 1963, the volume and page could not have been known on May 21, 1963. The jury found that B.J. Brown was not appointed substitute trustee until some time after June 17, 1963. Since Brown sold the property to TWI on July 2, 1963, it is apparent that notice of the sale was not given for twenty-one days prior to sale as required by the deed of trust and Article 3810.[4]

 The maker of a deed of trust with power of sale may condition the exercise of the power upon such conditions as he may prescribe. *Slaughter v. Qualls, supra.* The trustee must strictly adhere to the terms of the power for the power "admits of no substitution and no equivalent." *Michael v. Crawford,* 108 Tex. 352, 193 S.W. 1070 (1917). In *Fuller v. O'Neal,* 69 Tex. 349, 6 S.W. 181 (1887) we wrote:

> The course marked out for the trustee to pursue must be strictly followed by him: for the method of enforcing the collection through such deeds is a harsh one. The grantor of the power is entitled to have his directions obeyed; to have the proper notice of sale given; to have it to take

place at the time and place, and by the person appointed by him.

Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale. *Goode v. Davis,* 135 S.W.2d 285, 292 (Tex.Civ.App.—Fort Worth 1939, writ dism'd judgmt cor.); *Childs v. Hill,* 20 Tex. 162, 49 S.W. 652 (Tex.Civ.App.1898, no writ).

 American argues, however, that the jury finding that the substitute trustee was not appointed by TWI until sometime after June 17, 1963 is immaterial because Vann Musick admitted in her pleadings that the appointment of the substitute trustee was made on May 21, 1963. In "Cross-Plaintiff's First Amended Petition," Vann Musick alleged:

> "On the 21st day of May, 1963, conspiring with B.J. Brown and Pat Towery, a purported appointment of Substitute Trustee was executed by A.R. Morris, as president attested by Pat Towery, Secretary of the TWI Development Company."

In her amended answer she alleged:

> "The TWI Development Company obtained title to the 618.7 acres in question by an invalid substitute trustee sale from B.J. Brown who was appointed trustee by A.R. Morris purported president of TWI Development Company on the 21st day of May, 1963." ·

Assuming for the sake of argument that Vann Musick's pleadings do admit as fact that TWI appointed the substitute trustee on May 21, 1963,[5] American has nevertheless waived its right to rely on the admis-

---

4. Tex.Rev.Civ.Stat.Ann. art. 3810 (1966) provided in part:

 " * * * Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said county or counties, one of which shall be made at the courthouse door of the county in which such sale is to be made, and if such real estate be in more than one county, one at the courthouse door of each county in which said real estate may be situated, or the owner of such real estate may, upon written application,

cause the same to be sold as provided in said deed of trust or contract lien. * * *"

5. We doubt that Vann Musick judicially admitted as fact that TWI appointed B.J. Brown substitute trustee on May 21, 1963. Both the answer and cross-petition use "purported" which is synonymous with "rumored." We do not view the sentence from either the cross-petition or answer as being so clear and unequivocal as to rise to a judicial admission. *American Savings and Loan Ass'n of Houston v. Musick, supra,* at 589. Furthermore, the an-

sion. American's only objection to the special issue regarding the appointment of B.J. Brown as substitute trustee was "there is no evidence which raises such an issue and it is irrelevant." American's objection did not indicate that it was relying on Vann Musick's pleadings as a judicial admission. Furthermore, American's own chain of title, and hence its own evidence, establishes that B.J. Brown was not appointed substitute trustee on May 21, 1963. Although the "Appointment of Substitute Trustee" recites that the appointment was executed on May 21, 1963, when this instrument is considered together with the deed of trust to which it refers by volume and page, it is evident that the May 21 date is erroneous.

■■■■■ The facts alleged or admitted in the live pleadings of a party are accepted as true by the court and jury and are binding on the pleader. 1A R. Ray, *Texas Law of Evidence,* § 1127 (Texas Practice 3d ed. 1980). The party relying on his opponent's pleadings as judicial admissions of fact, however, must protect his record by objecting to the introduction of evidence contrary to that admission of fact and by objecting to the submission of any issue bearing on the fact admitted. *Starks v. City of Houston,* 448 S.W.2d 698 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.); *Restelle v. Williford,* 364 S.W.2d 444 (Tex.Civ. App.—Beaumont 1963, writ ref'd n.r.e.); *Dallas Transit Co. v. Young,* 370 S.W.2d 6 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r. e.).

■■■■■ Although the substitute trustee's deed was invalid as between TWI and Vann Musick, it did give the appearance of good title in TWI. Were American a bona fide purchaser of the property, Vann Musick would be estopped to assert the invalidity of the trustee's sale. *Slaughter v. Qualls,* 162 S.W.2d at 675. The jury, however, found that American was neither a

bona fide purchaser, nor a bona fide mortgagee. Both terms were defined as requiring the purchaser or mortgagee to acquire its interest in the property in good faith, for value and without notice of the claim or interest of a third party. *Houston Oil Co. of Texas v. Hayden,* 104 Tex. 175, 135 S.W. 1149 (1911). There is evidence in the record from which the jury could reasonably have concluded that American was aware of the Musick family litigation at the time it acquired its interest in the 618.7-acre tract. This land was the subject of a lawsuit filed in May, 1962. Vann Musick, Ted Musick, Levoy Musick, TWI and other members of the Musick family were all parties to the litigation. In 1963, a notice of lis pendens was filed in the lis pendens records of Harris County. American did not take its deed of trust on the property until December, 1964, and did not foreclose on the property until 1966.

In summary, we hold that the substitute trustee's deed conveying the property to TWI is invalid because the trustee failed to give the notice required by law and by the terms of the deed of trust. We further hold that American is not a bona fide purchaser and, hence, has no better title than its grantor. *See Hartel v. Dishman,* 135 Tex. 600, 145 S.W.2d 865 (1940).

## II. American v. C.C. Divine

C.C. Divine claimed a specific 27 acres out of the 618.7-acre tract. Levoy Musick is the common source of title. American's title is identical to that traced above with respect to its claim against Vann Musick.

On December 13, 1961, Levoy and his wife conveyed the 27 acres to C.C. Divine. On October 25, 1962, C.C. Divine and H.G. Divine placed certain property in trust. The corpus of the trust included the 27 acres in controversy. The purpose of the trust was to serve as security for the post-

---

swer includes a plea of not guilty and a general denial. Allegations in a defendant's answer which includes a general denial are not a waiver of the general denial and may not be used by

the plaintiff as admissions. *Climatic Air Distributors v. Climatic Air Sales, Inc.,* 162 Tex. 237, 345 S.W.2d 702 (1961); *Hynes v. Packard,* 92 Tex. 44, 45 S.W. 562, 564 (1898).

ing of bail bonds. The trust required the signatures of at least two trustees for a valid conveyance of property from the trust. C.C. Divine, H.G. Divine and A. Divine were named trustees. On July 27, 1963, C.C. Divine, individually, executed a general warranty deed conveying the 27 acres to Levoy Musick and his wife. The other two trustees did not join in this conveyance.

On September 5, 1963, all three trustees conveyed the 27 acres to Fred Divine who, on March 19, 1964, conveyed the property to W.E. Whitter and G.D. Peyton. On June 15, 1965, Whitter and Peyton, by general warranty deed, conveyed the 27 acres to C.C. Divine.

Over the objections of American, C.C. Divine was permitted to testify that he did not intend to convey the 27 acres by his warranty deed of July 27, 1963. The jury apparently believed Divine's testimony, because all special issues were answered in Divine's favor. The trial court, however, disregarded the jury's verdict and rendered judgment for American.

The court of appeals reversed the judgment of the trial court and remanded the cause for entry of judgment on the verdict. The court of appeals concluded that there was evidence to support the jury verdict and that American had waived any error by failing to file cross-points.

American argues that it was not required to file cross-points in the court of appeals. American further argues that under the doctrine of after-acquired title, the title conveyed to C.C. Divine by Whitter and Peyton on June 15, 1965, flowed immediately into Levoy Musick and wife, and their assigns because of Divine's general warranty deed dated July 27, 1963.

■ We agree with both arguments. In *Jackson v. Ewton*, 411 S.W.2d 715, 717 (Tex. 1967) we explained that "cross-points" are used to preserve error committed by the trial court and "are the means by which an appellee may bring forward complaints of some ruling or action of the trial court

which the appellee alleges constituted error as to him." The judgment non obstante veredicto rendered by the trial court is exactly the judgment requested by American. In fact, the trial court judgment incorporates by reference American's entire motion for judgment non obstante veredicto. Hence, it was unnecessary for American to file cross-points, because American had no complaint with the judgment of the trial court.

■ The court of appeals' erroneous "cross-point" holding apparently caused the court to conclude that American had waived its argument under the doctrine of after-acquired title. We hold that American is entitled to rely on the doctrine. The rule is that "when one conveys land by warranty of title, or in such a manner as to be estopped to dispute the title of his grantee, a title subsequently acquired to that land will pass eo instante to his warrantee, binding both the warrantor and his heirs and subsequent purchasers from either." *Caswell v. Llano Oil Co.*, 120 Tex. 139, 36 S.W.2d 208, 211 (Tex.Comm'n App.1931, opinion adopted), citing *Baldwin v. Root*, 90 Tex. 546, 40 S.W. 3, 6 (1897).

The judgment of the court of appeals is reversed. We render judgment that American take nothing from Vann Musick. The judgment of the trial court is affirmed in all other respects.