**Anthony J. HARWATH, Appellant,**

v.

**W.H. HUDSON, Appellee.**

**No. 05–82–00248–CV.**

Court of Appeals of Texas, Dallas.

July 15, 1983.

---

2. *Id.*

3. *See, e.g.,* Tex.Code Crim.Proc.Ann. art. 40.09, §§ 8, 9, 10 (Supp.1982–1983).

J. Albert Kroemer, Vetter, Bates, Tibbals, Lee & DeBusk, Dallas, for appellant.

Thomas R. Hartnett, III, Dallas, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

The trial court granted plaintiff summary judgment, denying defendant's counterclaim for damages for wrongful foreclosure of realty under a deed of trust. The trial court erred by concluding that a foreclosure sale was valid although the Substitute Trustee did not comply with the notice provisions of the deed of trust. Consequently, we reverse and remand.

Anthony J. Harwath was the owner of a 200-acre tract located in Dallas County which he conveyed in trust to secure two non-personal liability promissory notes, with an unpaid balance in excess of $800,-000.00, owed W.H. Hudson.

In 1977, Harwath defaulted on the interest payment due under the note. He also failed to pay the ad valorem taxes due under the terms of the deed of trust. Hudson then elected to accelerate maturity of the notes, and when payment was not made, he instructed the Trustee to sell the property at a foreclosure sale. At the foreclosure sale, Hudson, the only bidder, purchased the property for the sum of $100,-000.00.

After the foreclosure sale, Hudson sued Harwath to recover the amount of the ad valorem taxes which Harwath had not paid in accordance with the terms of the deed of trust. Harwath counterclaimed against Hudson for damages for wrongful foreclosure. Hudson next filed a motion for summary judgment seeking dismissal of Harwath's counterclaim alleging that there was no genuine issue of fact because, as a matter of law, there was a valid foreclosure and a valid sale of the property by the Substitute Trustee pursuant to the powers vested by the laws of the State of Texas. Harwath did not answer Hudson's motion for summary judgment. The court heard Hudson's motion, found that no genuine issue as to any material fact existed, and that Hudson was entitled to judgment as a matter of law, then entered judgment dismissing Harwath's counterclaim for wrongful foreclosure, with prejudice.

■ On appeal, Harwath asserts two points of error: (1) that the trial court erred in holding that no cause of action for damages results from a failure to post notice of sale as required by the Deed of Trust, where the bid received at the trustee's sale was grossly inadequate; and, (2) that the trial court erred in holding that cancellation of a Notice of Lis Pendens constitutes a waiver of a claim for damages. We find appellant's first point dispositive of the case.

Hudson's motion for summary judgment incorporated within it Harwath's First Amended Counterclaim, which alleged that the foreclosure was unlawful and wrongful because the manner of notice of the sale as given by the Trustee did not comport with the requirements of the deed of trust as to notice, that the price of $100,000.00 paid for the property at the sale, by Hudson, was grossly inadequate, that the fair market value of the property on the date of the sale was $1,905,000.00, and sought damages of at least the sum of $1,044,373.26.

The parties concede that the deed of trust in this case required the trustee to post notice of sale in three public places and that notice of sale was only posted in one public place. The Deed of Trust was executed on May 1, 1973, at a time when Tex.Rev.Civ. Stat. art. 3810 required that notice of sale by a Trustee be posted in three public places. Article 3810 was amended, effective January 1, 1976, to provide that notice of sale by a Trustee need only be posted in one public place. The notice of sale in this case was posted only at the Dallas County Courthouse Door, and other provisions of Article 3810, as amended, were satisfied in that Harwath was mailed notice of the sale by certified mail. It is further undisputed that Harwath knew of the sale, where and

when it was to be held, and yet he chose not to attend.

Hudson's Motion for Summary Judgment, in addition to those essential facts outlined herein above, stated that "[t]he undisputed facts set forth in the foregoing Paragraph II hereof show, as a matter of law, that there was a valid sale of the property by the Substitute Trustee to W.H. Hudson pursuant to the powers vested in the Deed of Trust."

The trial court's determination that a valid Trustee's sale occurred is in error. This court, in *Burnett v. Manufacturer's Hanover Trust,* 593 S.W.2d 755 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), recognized that the distinction between a wrongful foreclosure and an irregular exercise of a matured right to foreclose had not been clearly established in Texas. In that case, the debt had matured and the foreclosure was not wrongful in the sense that there was no right to foreclose. The vice was the irregularity in the appointment of a substitute trustee in a manner different from the authority conferred in the deed of trust. The court concluded that non-compliance with the express terms of the deed of trust as to the appointment of a substitute trustee gave rise to a cause of action for damages.

Similarly, in *University Savings Association v. Springwood Shopping Center, Inc.,* 644 S.W.2d 705 (Tex.1982) the Supreme Court was confronted with foreclosure of a deed of trust by a substitute trustee. All formalities required by the deed of trust were complied with except that the document appointing the substitute trustee was not filed of record until two days after the sale by the substitute trustee. The court reiterated these long standing rules, with respect to sales under deeds of trust: that the terms set out in a deed of trust must be strictly followed, *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671 (1942); *Michael v. Crawford,* 108 Tex. 352, 193 S.W. 1070 (1917), that a trustee has no power to sell the debtor's property, except such as may be found in the deed of trust, *Slaughter v. Qualls,* 162 S.W.2d at 675; that the power

of sale may only be exercised by those authorized in the instrument, *Michael v. Crawford,* 193 S.W. at 1071; and, that the reason for "strictness" in following the terms of the power granted by the deed of trust is to protect the property of the debtor. *Walker v. Taylor,* 142 S.W. 31, 33 (Tex. Civ.App.—San Antonio 1911, writ ref'd.). The court concluded that all conditions of the deed of trust had been complied with except the filing of the appointment of the substitute trustee before the sale, and held that the failure to record the appointment of the substitute trustee before the sale, in light of the debtor's knowledge of the appointment of a substitute trustee, his knowledge of the identity of the substitute trustee, his knowledge of the time and place of the sale, coupled with his concession that no prejudice or harm resulted from the failure to comply with the recordation provision of the deed of trust, did not affect the legality or fairness of the trustee's sale, and that the notice received by the mortgagor barred his action for wrongful foreclosure.

However, in *Houston First American Savings v. Vann Musick and C.C. Divine,* 650 S.W.2d 764 (Tex.1983), the court reviewed a case similar to this one, in which the record showed that the *trustee* did not comply with the provision of the deed of trust requiring that notice of the trustee's sale be posted for at least twenty-one days prior to the sale. The court pointed out that the maker of a deed of trust with power of sale may condition the exercise of the power upon such conditions as he may prescribe, citing *Slaughter v. Qualls,* and noted that the trustee must strictly adhere to the terms of the power, for the power "admits of no substitution and no equivalent," citing *Michael v. Crawford.* The court pointed out the reason for strict compliance in a quotation from *Fuller v. O'Neal,* 69 Tex. 349, 6 S.W. 181 (1887):

The course marked out for the trustee to pursue must be strictly followed by him; for the method of enforcing the collection through such deeds is a harsh one. The grantor of the power is entitled to have

his directions obeyed; to have the proper notice of sale given; to have it take place at the time and place, and by the person appointed by him.

The court further noted that compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale. *Goode v. Davis*, 135 S.W.2d 285, 292 (Tex.Civ.App.—Fort Worth 1939, writ dism'd judgmt cor.); *Childs v. Hill*, 20 Tex.Civ.App. 162, 49 S.W. 652 (1898, no writ). In summary, the court concluded that the trustee's deed conveying the property was invalid because the trustee failed to give notice required by law and by the terms of the deed of trust.

We are confronted here with the argument, on the one hand, that the foreclosure was wrongful because of the failure of the trustee to post notices in three public places as required by the grantor of the deed of trust. On the other hand, it is argued that posting notice of sale in only one public place, as permitted by the revised article 3810, constitutes substantial compliance with the provisions of the deed of trust.

■ Our analysis of the long standing case law in Texas compels us to the conclusion that the right of a grantor of a deed of trust to have its provisions strictly complied with to effect a valid foreclosure sale is absolute. Since strict compliance was lacking in this case, the foreclosure sale was invalid. Therefore, it was error for the trial court to grant summary judgment on the ground that the sale was valid. This should not be taken to mean, as implied by the dissent, that we are holding any party liable for damages at this stage of the proceedings. That question is not before us. Reversed and remanded.

CARVER, Justice, dissenting.

I respectfully dissent because it is unjust to impose liability for wrongful foreclosure upon a creditor who is without fault.

In our case, the fault was shown to be the Trustee's fault alone since only the Trustee was obligated, and failed, to post notices of the sale in two additional public places, as

well as the courthouse door, as was done. The creditor was not shown to have knowledge of, or to have been a party to any failure, or fault, of the Trustee.

The Trustee was an agent for Harwath, as well as for Hudson, in his office as Trustee. *First Federal Savings & Loan Association v. Sharp*, 347 S.W.2d 337 (Tex.Civ. App.—Dallas 1961), *aff'd*, 359 S.W.2d 902 (Tex.1962). *See Hampshire v. Greeves*, 104 Tex. 620, 143 S.W. 147 (1912); *Zeiss v. First State Bank*, 189 S.W. 524 (Tex.Civ.App.— Beaumont 1916, error ref'd). One of the duties of the Trustee owed to both principals was to gain the interest and attendance of prospective bidders at the foreclosure sale through posted notices. The Trustee's failure to post two of the three notices required by the deed of trust, and his consequent failure to gain the maximum attendance of bidders, and higher bidders hopefully, is the heart of Harwath's complaint for damages. Harwath's only tenable theory to warrant relief against Hudson for the fault of the Trustee is that the Trustee was Hudson's agent so as to impute the Trustee's failure to Hudson, as his principal. The difficulty with Harwath's imputation theory lies in the fact that, since the Trustee was also Harwath's agent, Hudson, who was likewise deprived of a possibly higher bid, can equally rely upon the same reasoning to obtain the identical relief against Harwath. Simply put, if either Harwath or Hudson has a claim against the other for the failure of their common agent to perform his posting duty, which, supposedly resulted in the absence of a better and higher bidder at the foreclosure sale, then the other has the same claim in reverse resulting in full offset.

I would hold that, where both the creditor and debtor are innocent and identically injured by their common Trustee's failure to post the required notices of a deed of trust foreclosure, neither creditor or debtor, each co-principals of the same agent, may impute their common agent's failure to the other, but each must look solely to their agent for such damages each may be able to prove.

It may be properly argued that, while the foregoing solution is a *legal* solution, it is hardly an *equitable* solution because it leaves the creditor unjustly enriched by the proceeds of his subsequent sale of the property. No enrichment has in fact accrued. The summary judgment record reflects, without dispute, that after Hudson innocently bid $100,000 at the foreclosure sale, he resold it for cash and notes totaling $829,065.50. Harwath's counterclaim, current at the time the summary judgment was entered, conceded that the debt due Hudson was $860,626.74. Consequently, *equity* which must first see Hudson's debt paid before imposing any damages upon him, would find no damages in our case.

I would hold that equity requires: (1) in the event of a foreclosure sale which is irregular and without fault of the creditor who is the successful bidder and who still holds title, that the sale be set aside, without damages, and the parties restored to their positions immediately before the irregular foreclosure proceedings were commenced; or (2) upon the same facts, save where the title has been transferred by the creditor-bidder to a third party before the irregularity becomes apparent, that the debtor is entitled to the difference, if any, between accrued debt, on the date of transfer to the third party, and the value paid by the third party and actually realized by the creditor.

The trial court's judgment was correct on the record and we need not determine whether the "reason" relied upon by the trial court was the correct reason. If Harwath is seeking "legal" relief against Hudson, such relief should be denied because Hudson was without fault. If Harwath is seeking "equitable" relief against Hudson, such relief should be denied because Harwath was not damaged when the arms-length resale by Hudson was insufficient to discharge the debt of the property. The trial court's judgment should be affirmed and I would so hold.