# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00330-CV

**Cameron Joseph Molberg, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-09-000545, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Cameron Joseph Molberg appeals from the judgment ordering him to pay the State of Texas principal, interest, late charges, and fees based on his guaranty of student loans that Amanda Miller[1] failed to repay timely. Molberg contends on appeal that the State failed to prove the satisfaction of a condition precedent to his obligation existed—namely that Miller's failure to pay was not due to her death or permanent and total disability. We will affirm the judgment.

## BACKGROUND

Miller took out three college student loans through the Texas Higher Education Coordinating Board. On each of these, Molberg agreed to guaranty payment. In the payment guaranty section, the notes signed on June 30, 2003, and April 26, 2004, provide that "[i]f for any

---

[1] There is testimony that Miller's last name is now Jensen or Jenson. Because the loan documents refer to her as Miller, we will use that name.

reason other than death or permanent and total disability of Borrower, the adjacent Borrower's Promissory Note is not paid promptly when due, I will immediately pay the source to the Lender . . . ."[2] Miller borrowed a total of $14,221.

In January 2009, the State sued Molberg seeking the amount due on all three notes. In his answer, Molberg asserted that the State failed to seek enforcement of the obligation against Miller "whose current address is . . . and whose phone number is . . . and who recently, with sufficient financial wherewithal, opened a day care center." Molberg also asserted that the State could not prove that Miller had failed to pay and that it had not complied with all conditions precedent.

In the January 2013 trial, the supervisor of student loan collections at the office of the attorney general, John Maldonado, testified without contradiction that Miller owed $14,221 in principal, $7,042.45 in interest, and $826 in attorney's fees and court costs for a total of $22,089.45. Maldonado testified that the State had obtained a judgment against Miller on five notes, that a guarantor of one of the other notes had made payments on that note, and that Miller had not made payments against the notes that Molberg guarantied.

Molberg moved for judgment based on the State's failure to prove that Miller was alive and not suffering from a total and permanent disability. He contended that the absence of Miller's death or disability was a condition precedent to his obligation, and that the absence of proof regarding the reason for her failure to repay the loans doomed the State's case. The trial court rendered judgment in the State's favor in the amount Miller owed.

---

[2] A note signed by the same parties on November 4, 2003, has slightly different wording in the guaranty, but the differences have no legal significance in this appeal.

2

## DISCUSSION

Molberg contends on appeal that the trial court erred by not granting him judgment as a matter of law after the State failed to introduce any evidence of the satisfaction of condition precedent to Mr. Molberg's alleged obligations to perform under the guaranties.[3] We view the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005); *GJP, Inc. v. Ghosh*, 251 S.W.3d 854, 871 (Tex. App.—Austin 2008, no pet.). We must credit favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *Keller*, 168 S.W.3d at 827; *GJP*, 251 S.W.3d at 871.

The record contains evidence on which the trial court could conclude that Miller's failure to pay the notes was not due to her death or disability. As set out above, Molberg stated in his answer Miller's address and phone number and asserted that she had "recently, with sufficient financial wherewithal, opened a day care center." Regarding such statements, the Texas Supreme Court has held as follows:

> "Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact. *Gevinson v. Manhattan Constr. Co.*, 449 S.W.2d 458, 467 (Tex. 1969).

---

[3] The State rejects Molberg's assertion that the no-death-and-disability clause is a condition precedent. We need not decide whether that assertion is valid because, even if we assume for purposes of this opinion that the clause did impose on the State the burden to prove that Miller failed to pay for a reason other than death or disability, the record contains legally sufficient evidence to support the judgment.

*Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). While Molberg did not expressly state that Miller's failure to pay was not due to death or disability, his pleading contains a clear, deliberate, and unequivocal statement that she had an address, a phone, and the ability to open a business. The trial court could reasonably conclude based on those assertions that Miller was neither dead nor permanently and totally disabled, and that her failure to pay the notes was due to some other cause.[4] To the extent that her well-being is a condition precedent, it was satisfied. Molberg does not challenge the legal sufficiency of the evidence on the remaining elements of the State's case.

## CONCLUSION

We affirm the judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: March 7, 2014

_____

[4] The State asserts that Molberg attached a declaration to his response to the State's motion for summary judgment in which he asserted that his wife had received communications from Miller by telephone and email as late as February 2012—long after Miller defaulted. Because that response was not made part of the clerk's record on appeal and does not appear in the reporter's record, we have not considered it when formulating our opinion and judgment in this case.