**Opinion filed March 23, 2023**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00291-CV

_____

## EDDIE GONZALEZ VILLA, Appellant

## V.

## SILVIA R. VILLA A/K/A/ SILVIA RAMOS, Appellee

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM62174**

## O P I N I O N

This appeal arises from a post-foreclosure deficiency judgment rendered against Appellant[1] after a bench trial.  In one issue, Appellant contends that the trial court erred when it rendered a deficiency judgment in favor of Appellee because Appellee failed to timely (1) post written notice of the underlying foreclosure sale at

---

[1]We note that the notice of appeal in this cause shows Appellant's name to be Eddie Gonzalez Villa but that the trial court's judgment shows his name to be Eddie Gonzales Villa.

the courthouse door and (2) file the requisite notice of the sale with the county clerk. *See* TEX. PROP. CODE ANN. § 51.002(b) (West Supp. 2022). Because the underlying foreclosure sale was invalid, the evidence is insufficient to support the amount of damages awarded to Appellee. Consequently, we reverse the judgment of the trial court and remand this cause for a new trial.

## I. *Factual Background*

The facts are undisputed. The parties divorced in September of 2017. Pursuant to the terms of the parties' final divorce decree, Appellant agreed, among other things, to pay $800,000 to Appellee over the course of approximately two years. That obligation was secured by a lien on Appellant's real property, located at 7302 FM 1213, in Midland County.

Appellant defaulted on the debt, and Appellee purchased the property mentioned above at a foreclosure sale on February 6, 2018. Appellee's attorney at the time, Patrick H. Cordero, conducted the sale as trustee. As trustee, Cordero executed an affidavit in connection with the scheduling of the foreclosure sale in which he stated that he had (1) mailed proper written notice of the foreclosure sale to Appellant on January 16, 2018 (21 days before the sale occurred), and (2) posted notice of the foreclosure sale near the courthouse door and filed a copy of the notice with the county clerk's office on January 17, 2018—only 20 days prior to the foreclosure sale.

The property's valuation at the foreclosure sale was $154,000. At trial, and because of the property's value, the trial court ruled that approximately $646,000 remained of Appellant's original $800,000 liability to Appellee. Appellant argued to the trial court that the foreclosure sale was invalid because Appellee had failed to comply with each of the mandatory 21-day notice provisions of Section 51.002(b) of the Property Code. Nevertheless, the trial court determined that the sale was valid

2

because the notice that was required to be submitted to Appellant was timely pursuant to the mailbox rule. The trial court did not issue findings of fact and conclusions of law. This appeal followed.

## II. *Standard of Review*

In an appeal from a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Dowtech Specialty Contractors, Inc. v. City of Weinert*, 630 S.W.3d 206, 214 (Tex. App.—Eastland 2020, pet. denied). When, as in this case, the trial court does not make findings of fact and conclusions of law, we must imply all necessary findings to support the trial court's judgment. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017); *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). "[I]mplied findings may be challenged for legal and factual sufficiency in the same manner as a challenge to express findings of fact or jury findings." *Silverio v. Silverio*, 625 S.W.3d 680, 683 (Tex. App.—El Paso 2021, no pet.).

The standard for legal sufficiency is whether the evidence in support of the challenged finding rises to a level that would enable reasonable and fair-minded people to arrive at the verdict under review. *W & T Offshore, Inc. v. Fredieu*, 610 S.W.3d 884, 897–98 (Tex. 2020); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). On the other hand, evidence is legally insufficient to support a disputed fact finding when (1) evidence of a vital fact is absent, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782–83 (Tex. 2020) (citing

*Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 903 (Tex. 2004)); *City of Keller*, 168 S.W.3d at 810.

### III. *Analysis*

Appellant's contentions on appeal are two-fold.

First, Appellant contends that the undisputed evidence presented at trial proves that Appellee failed to timely (1) post *and* (2) file notice of the foreclosure sale as required by Section 51.002(b)(1) and (2) of the Property Code. He further asserts that the mailbox rule is inapplicable to the statutory "post and file" requirements. As such, Appellant claims that the foreclosure sale was invalid because Appellee failed to comply with these statutory notice requirements and the express terms of the deed of trust. We agree.

Second, Appellant asserts that to be entitled to a deficiency judgment following a foreclosure sale, Appellee must have proven that the foreclosure sale was valid. With this assertion, we do not entirely agree.

### A. *Validity of a Foreclosure Sale*

A foreclosure sale conducted under a power of sale that is conferred by a deed of trust, as in this case, must be properly noticed and conducted in strict compliance with the manner set forth in Section 51.002(b) of the Property Code. Section 51.002(b) provides that, "*at least 21 days before the date of the sale*," notice of the foreclosure sale must be given by (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold, (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice, *and* (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt. PROP. § 51.002(b)

(emphasis added); *see also Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28, 31 (Tex. App.—Dallas 1992, no writ).

The mailbox rule provides that, in certain circumstances, a document is considered filed or received on the date it is mailed. *See, e.g.*, TEX. R. CIV. P. 5 ("If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.").

In this case, Appellant complained to the trial court that the foreclosure sale was not properly conducted because the trustee (Cordero) failed to (1) post the notice of foreclosure sale near the courthouse door *and* (2) file the notice with the county clerk at least 21 days before the date the sale was to occur. Appellee proffered evidence in the form of a composite affidavit signed by Cordero. In his affidavit, Cordero stated that the notice of the foreclosure sale was properly and timely mailed to Appellant in accordance with the mailbox rule on January 16, 2018. Cordero also stated that the notice of the foreclosure sale was posted near the courthouse door and filed with the county clerk on January 17. Based on the evidence presented, the trial court found that proper notice of the foreclosure sale was given to Appellant under the mailbox rule and that the foreclosure sale was therefore properly conducted.

Nevertheless, the trial court's finding did not address the crux of Appellant's complaint—that Cordero failed to strictly comply with the "post and file" notice requirements of subsections (1) and (2) of Section 51.002(b) and the express terms of the deed of trust. Although it is clear that Cordero complied with subsection (3) of Section 51.002(b), which addresses notice to the debtor himself, "[t]he statutory notice provisions of [S]ection 51.002 seek to not only protect the debtor . . . but also [to] adequately inform the third party public in order to maximize the likelihood of

a profitable public sale at market value in which the debtor may recover his equity in his property." *Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 252 S.W.3d 605, 615 (Tex. App.—Austin 2008), *rev'd on other grounds*, 300 S.W.3d 746 (Tex. 2009) (citing *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674–75 (Tex. 1987)). Thus, "[b]ecause a trustee's power to sell the property is derived from *the deed of trust and [the] statute, strict compliance* with these requirements is considered a prerequisite to the trustee's right to make the sale." *Id.* (citing *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983)) (emphasis added). "In other words, noncompliance with these requirements can render a foreclosure sale void." *Id.*; *see Musick*, 650 S.W.2d at 768 ("Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale.").

It is undisputed that Cordero posted *and* filed the notice of the foreclosure sale on January 17 and that the sale was held 20 days later on February 6. For purposes of our analysis, we agree with Appellant that the mailbox rule is inapplicable to these "post and notice" requirements. Nevertheless, for the foreclosure sale to be valid, *all* requirements of Section 51.002(b) *and* the express terms of the deed of trust must be satisfied. The deed of trust recites that any foreclosure sale must be conducted in accordance with Section 51.002's notice and posting requirements. Here, Cordero failed to comply with the requirements of subsections (1) and (2) of Section 51.002(b), although strict compliance was necessary. As such, Cordero also failed to comply with the express terms of the deed of trust. Therefore, we hold that the evidence is legally insufficient to support the trial court's findings that proper notice of the foreclosure sale was given and that the sale was conducted properly. *See Musick*, 650 S.W.2d at 769 (because strict compliance is necessary, the foreclosure sale was invalid because the trustee failed to give the debtor the requisite

6

notice pursuant to the statute and the express terms of the deed of trust); *see also Harwath v. Hudson*, 654 S.W.2d 851, 854 (Tex. App.—Dallas 1983, writ ref'd n.r.e.).

Because the evidence in the record before us conclusively establishes that a *valid* foreclosure sale did not occur, we sustain, in part, Appellant's sole issue on appeal. However, this conclusion does not end our analysis.

B. *Amount of Deficiency*

Appellant asserts that to be entitled to a deficiency judgment following a foreclosure sale, the mortgagee must prove: (1) the amount due on the note at the time of the foreclosure; (2) that proper notice of acceleration was made; (3) *that a valid foreclosure sale was made*; and (4) that the mortgagee has given credit to the obligor for the amount received at the trustee's sale and any other legitimate credit. The cases upon which Appellant relies do state that a mortgagee must prove all four elements in order to obtain a deficiency judgment. *See Thompson*, 840 S.W.2d at 28; *Carruth Mortg. Corp. v. Ford*, 630 S.W.2d 897, 899 (Tex. App.—Houston [1st Dist.] 1982, no writ); *Williams v. Henderson*, 580 S.W.2d 37, 39 (Tex. App.—Houston [1st Dist.] 1979, no writ). However, the Texas Supreme Court has specifically taken issue with the third element stated above and thus the manner in which it is now advanced by Appellant. *See Tarrant Sav. Ass'n v. Lucky Homes, Inc.*, 390 S.W.2d 473, 475 (Tex. 1965).

As set forth in *Lucky Homes*,

> The basic error committed by the Court of Civil Appeals lies in the premise upon which it constructed its opinion. *That court accepted as sound the rule that '(a) prerequisite to the recovery of a deficiency judgment is the establishment of the deficiency by a valid foreclosure sale'*, citing Casa Monte Co. v. Ward, Tex.Civ.App., 342 S.W.2d 812, no writ hist., and Sullivan v. Hardin, Tex.Civ.App., 102 S.W.2d 1110, no writ hist. *This premise from which the Court of Civil Appeals reasoned is clearly erroneous.*

*Id.* (emphasis added). The supreme court in *Lucky Homes* further explained that, when a mortgagee seeks a deficiency judgment that is based on and results from an *invalid* foreclosure sale, the mortgagor is entitled to have the reasonable market value of the property credited against the amount of the deficiency. *Id.* Therefore, under *Lucky Homes*, Appellant was entitled to a credit against the deficiency for the *reasonable market value* of the property, rather than a credit based on the property's foreclosure valuation and sale price. The trial court, however, relied upon the results of the invalid February 6 foreclosure sale in making its findings and instead credited the $154,000 foreclosure sale price when it determined the amount of the deficiency that Appellant owed. In light of *Lucky Homes*, the trial court erred in doing so.

The only relief that Appellant requests on appeal is that we reverse the trial court's judgment and render judgment that Appellee take nothing on her claims. We decline his request because Appellee proved that Appellant defaulted on the $800,000 note and that she is entitled to a deficiency judgment. Because the amount of the deficiency remains in dispute, we conclude that the proper remedy here is to reverse the trial court's judgment and remand this cause for a new trial. *See Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 162 (Tex. 2012); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 124 (Tex. 2009) (stating that "when there is some evidence of damages, but not enough to support the full amount, it is inappropriate to render judgment"); *see also* TEX. R. APP. P. 44.1(b) (an appellate court may not order a new trial solely on unliquidated damages when liability is contested).

## IV. *This Court's Ruling*

For the reasons stated above, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.[2]


W. STACY TROTTER

JUSTICE


March 23, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note, however, that because the legal error in this case affected only part of the damages awarded in the trial court's judgment, it would appear that Appellee has the option of filing a voluntary remittitur based upon (1) the reasonable market value of the property on the date of foreclosure, which Appellant conceded at trial was the proper measure upon which to determine the deficiency, and (2) a recalculation of the amount of prejudgment interest. *See* TEX. R. APP. P. 46.5 (providing for the filing of a voluntary remittitur within fifteen days after the court of appeals' judgment).