

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00020-CV
_____

IN THE INTEREST OF J.L.R., A CHILD

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2016-523,583, Honorable Ben Webb, Presiding

July 30, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

This appeal is from a final order modifying an original divorce decree.  Appellant, Turner (Mother), and Appellee, Rios (Father), are the parents of "J.L.R."  We overrule Mother's jurisdictional challenge but sustain her first and third issues.  We reverse the order and remand the case for further proceedings.

**Background**

Mother and Father divorced in 2017 and signed a mediated settlement agreement (MSA) in April 2017, which named them joint managing conservators of J.L.R.  The MSA imposed a Lubbock County geographical restriction on J.L.R.'s residence, providing that

if either party moved beyond Lubbock County, the remaining parent would have the exclusive right to designate the residence within the county. The terms of the MSA, which granted equal possession and access to J.L.R., were incorporated into the trial court's August 2, 2017, divorce decree.

Mother remarried in 2018 and moved to Indiana in September 2020 due to her spouse's employment and family location. Father remained in Lubbock County, potentially implicating the terms giving him the exclusive right to determine J.L.R.'s residence. In September 2020, Mother filed a petition to modify the decree, alleging that the circumstances of the child, a conservator, or other party affected by the decree had materially and substantially changed since the MSA was signed, and that the requested modification was in the child's best interest. Mother's modification sought the exclusive right to designate J.L.R.'s primary residence without geographic restriction, as well as an increase in child support. She requested a trial by jury and paid the requisite fee.

Two months later, Father also petitioned to modify, alleging that the circumstances of the child, a conservator, or other party affected by the decree had materially and substantially changed since the MSA was signed. Father sought to modify the designation of his residence as the point of surrender and return of J.L.R., allocating travel costs to Mother, requiring Mother to accompany J.L.R. on any airline travel, granting Father the exclusive right to enroll J.L.R. in school and make medical/psychological decisions, and modifying child support and medical support payments against Mother.

On May 18, 2022, Father filed a hybrid motion for summary judgment, combining no evidence and traditional grounds. His motion alleged that Mother had no evidence of

a material and substantial change in circumstances and that her requested modification was not in J.L.R.'s best interest. Mother responded with evidence, arguing that Father had judicially admitted in his counterpetition the occurrence of a material and substantial change in circumstances and that modification was in J.L.R.'s best interest. Via an August 25, 2022, letter to the parties, the trial court announced it "grants" Father's motion for summary judgment and instructed Father's attorney to "draft the Order consistent with this ruling." The record does not contain a signed, written order memorializing the intention of the August 25 letter.

The trial court convened a final hearing on September 19, 2022. At a lengthy pretrial hearing conducted immediately before the presentation of evidence, the trial court verbally announced it had granted Father's motion for summary judgment, thereby disposing of Mother's motion to modify as a matter of law. Consequently, the only matter heard pertained to the allocation of increased expenses under Texas Family Code § 156.103 due to Mother's relocation to Indiana.

On October 11, 2023, a final order was signed. It primarily allocated to Mother the liability for increased expenses incurred by Father due to her move to Indiana. Mother requested findings of fact and conclusions of law, which were filed by the trial court on January 3, 2024. It approximated the travel time by automobile between Mother's residence in Indiana and Father's residence in Lubbock to be 17 hours, making the exchange location unworkable during the school year. The court further found it was not feasible, nor in J.L.R.'s best interest, for him to fly alone by commercial airliner. The court also found the distance between Lubbock and Indiana increased expenses, and J.L.R.'s

3

maternal grandparents would be able to pay for and transport J.L.R. to and from Indiana for Mother's periods of possession.

As conclusions of law, the trial court stated that Mother was not denied possession and access to J.L.R. and that modification of possession was in the child's best interest. The court reasoned that the increased expenses for traveling to and from Indiana constituted a material and substantial change in Mother's circumstances, and that modification of possession and access to the child (as well as the allocation of expenses) was in the child's best interest. This appeal followed.

**Analysis**

Fifth Issue: Father's Standing

We begin with Mother's challenge implicating the trial court's and this Court's jurisdiction. Mother argues that Father, by his motion for summary judgment, "effectively pled himself out of his own Counterpetition when he asserted that there was no evidence of a material and substantial change, no evidence that a modification was in the best interest of the child, and no modification was supported in this matter." According to Mother, these judicial admissions stripped Father of "standing"[1] to pursue a modification.

We disagree. In a court of continuing, exclusive jurisdiction over a suit affecting the parent-child relationship, a parent has standing to seek modification. TEX. FAM. CODE ANN. §§ 102.003(a), 156.002(a),(b). It is undisputed that Father is the biological father of J.L.R. Contrary evidence, including judicial admissions, might affect a party's ability to

---

[1] Without standing, a court lacks subject matter jurisdiction over the case, preventing the merits in controversy from being litigated or decided. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018).

4

meet his or her burden of proof, but it does not deny their standing to adjudicate the case. Mother's fifth issue is overruled.

Issues 1, 2, and 3: Propriety of Summary Judgment

We next consider Mother's issues complaining that the trial court erred in granting Father's motion for summary judgment. First, she claims that Father judicially admitted a material and substantial change of circumstances and that modification was in J.L.R.'s best interest. Second, Mother contends there is a fact issue regarding the material and substantial change of circumstances. Third, she asserts that a fact issue on J.L.R.'s best interest precludes summary judgment.

Our standards for reviewing orders on summary judgment are well-settled and require no reiteration. *See, e.g., JLB Builders, L.L.C v. Hernandez,* 622 S.W.3d 860, 864 (Tex. 2021). When assertions of fact are not pleaded in the alternative, they may be regarded as formal judicial admissions. *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 568 (Tex. 2001) (citing *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex. 1983)). An opposing party's pleadings can constitute a judicial admission that has a conclusive effect and bars the admitting party from later disputing the admitted fact. *In re N.L.M.-B,* No. 07-17-00131-CV, 2017 Tex. App. LEXIS 7169, at *5 (Tex. App.—Amarillo July 31, 2017, pet. denied) (mem. op.). It dispenses with the requirement that the opposing party must produce evidence on the issue. *Hamilton v. Maestas,* No. 07-18-00320-CV, 2020 Tex. App. LEXIS 2911, at *7 (Tex. App.—Amarillo Apr. 7, 2020, no pet.) (mem. op.). We have previously held that when a parent alleges a material and substantial change of circumstances in a counter-petition, they are judicially admitting one

of the elements to be proven in the other parent's case. *Id.*; *In re R.A.W.*, No. 07-13-00316-CV, 2015 Tex. App. LEXIS 3039, at *5 (Tex. App.—Amarillo Mar. 27, 2015, no pet.) (mem. op.).

When Father's counter-petition alleged that the circumstances of the child, a conservator, or other party affected by the decree had materially and substantially changed since the date the mediated settlement agreement on which the decree was based, he judicially admitted this element of Mother's petition, thereby satisfying her burden to otherwise produce summary judgment evidence on this issue.

In his second ground supporting his summary judgment motion, Father alleged there was no evidence that modification of conservatorship was in the child's best interest. Mother responded with evidence, including a lengthy, unobjected-to, unsworn declaration that addressed some of the best interest factors discussed by the Supreme Court of Texas in *Holley v. Adams*.[2] Specifically, Mother's declaration stated:

- She and her husband built a new home, allowing each child their own space;

- Her job did not require overnight travel, and she was home each night with the children;

- Family, including J.L.R.'s cousins, lived nearby;

- Her flexible schedule allowed her to take the children to school, pick them up, attend school events, and assist with homework and child care;

---

[2] 544 S.W.2d 367 (Tex. 1976). The *Holley* factors are: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* at 371–72.

- This flexible schedule also allowed her to be with J.L.R. when he needed support, consistent with their regular discussions about his feelings and needs;

- J.L.R. told Mother he did not feel safe with Father, who punched holes in the walls when angry; and

- That living in Lubbock precluded frequent contact with his siblings.

This unobjected-to evidence constitutes more than a scintilla in showing why the modification she sought would be in the child's best interest. We therefore conclude the trial court erred in granting Father's motion for summary judgment.

We briefly discuss whether the court's grant of an unsigned summary judgment for Father "probably caused the rendition of an improper judgment." Tex. R. App. P. 44.1(a)(1). In this case, we hold that it does. Before the final hearing, the trial court conducted a pretrial hearing where it announced that due to its summary judgment ruling, Mother's motion to modify had been "concluded," effectively preventing her from presenting evidence on the same.[3] The trial court also ruled that its summary judgment determination "negated the need for a jury trial" requested by Mother, and that, given its disposition of Mother's claims, the only issue for trial was Father's request to order Mother to pay the increased expenses caused by her move to Indiana. We conclude the trial court's erroneous summary judgment determination was therefore not harmless.

---

[3] The court told Mother's counsel that because the summary judgment on mother's claims had been granted, "it's the court's position after the summary judgment that kind of shut down or, I guess, concluded your allegations and points for the court, . . . that the burden at this point would shift or the position as movant would shift to [Father's counsel] on the remaining points."

7

We sustain Mother's first and third issues.  Because a new trial is required, review of Mother's second and fourth issues is unnecessary to the disposition of this appeal.[4] TEX. R. APP. P. 47.1.

**Conclusion**

We reverse the trial court's final order of October 11, 2023, and remand the case for further proceedings.  TEX. R. APP. P. 43.2(d).

Lawrence M. Doss
Justice

---

[4] The trial court's error affects not only Mother's modification but her request for a jury trial.  Because the trial court, not a jury, decided the questions regarding an alleged material and substantial change and best interest of the child, the relief granted to Father cannot be separated from Mother's claims without unfairness.  *Cf.* TEX. R. APP. P. 44.1(b).  Given our remand of the entire case for trial, it is unnecessary to consider Mother's fourth issue.  TEX. R. APP. P. 47.1.