**E.C. MENENDEZ, Appellant,**

v.

**TEXAS COMMERCE BANK,
McALLEN, N.A., Appellee.**

**No. 13–86–381–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 5, 1987.

Glenn E. Smith, Jr., McAllen, for appellant.

William D. Peison, Neil Norquest, Keith C. Livesay, McAllen, for appellee.

Before NYE, C.J., and DORSEY and UTTER, JJ.

**OPINION**

DORSEY, Justice.

Appellant, E.C. Menendez, brings this appeal challenging his liability as guarantor on a promissory note to appellee, Texas Commerce Bank, McAllen, (TCB). By a single point of error, Mr. Menendez asserts the trial court erred in holding him liable for the note, because he was sued as guarantor and there was no writing evidencing that status to comply with the Statute of Frauds. Tex.Bus. & Com.Code Ann. § 26.-01 (Vernon 1968 and Supp.1987). We disagree and affirm the judgment below.

The note that is the subject of this suit was executed on March 21, 1984, by International Directory Corporation (I.D.C.) in the principal amount of $50,000.00. I.D.C. defaulted on the note on October 1, 1984, and this action resulted.[1]

At trial, all evidence was by stipulation, and included:

1. the note itself;
2. that Menendez signed the promissory note in question;
3. that TCB of McAllen is the owner and holder of the note;
4. that the note was presented to Menendez for payment;
5. that the TCB records show a principal and interest amount due of $54,-943.52; and
6. that Mr. Menendez signed in the capacity of guarantor.

The trial court held that TCB should recover from Menendez the principal and accrued interest, post-judgment interest, attorney's fees and costs of court. The sole point of error is that Menendez cannot be held liable as a guarantor in the absence of a written memorandum signed by appellee in which he agreed to answer for the debt or default of I.D.C. We overrule the point of error and affirm.

The note does not indicate the capacity in which the Menendez signed. He therefore necessarily signed it as a primary obligator, or a guarantor, or both. How-

---

**1.** Initially this lawsuit was brought against I.D.C., as maker, Miguel Letelier, Stephen Schultz, and E.C. Menendez, as guarantors. On January 23, 1986, Miguel Letelier, Stephen Schultz, and I.D.C., were severed from this suit.

ever, he was sued as a guarantor and stipulated as to that capacity. A stipulation is generally considered to be a judicial admission. *Gulf Construction Co., Inc. v. Self*, 676 S.W.2d 624, 630 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). When a fact is judicially admitted, it is conclusively established as a matter of law. *Houston First American Savings v. Musick*, 650 S.W.2d 764, 767 (Tex.1983); *Concrete Construction Supply, Inc. v. M.F.C., Inc.*, 636 S.W.2d 475, 478 (Tex.App.—Dallas 1982, no writ). Menendez may not now challenge his status as guarantor.

One purpose of the Statute of Frauds is to prevent the recovery against one for the debt of another in the absence of written evidence that the intended to be bound for the other's debt. When, as in the instant case, one judicially admits that he signed an instrument in the capacity of guarantor, no other evidence of the guaranty is required. *M.F.C., Inc.*, 636 S.W.2d at 478.

Menendez argues that, although he agrees he is a guarantor, nowhere has he agreed in writing to be answerable for the debt of I.D.C. However, once his status of guarantor is determined, his obligation arises as a matter of law or according to the terms of the instrument. Section 3.416 of the Texas Business and Commerce Code is entitled "Contract of Guarantor." Subsection (1) provides:

> "payment guaranteed" or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party.

The note here sued upon, although not defining the obligation of a guarantor, states:

> each ... guarantor ... waives grace, demand, presentment, notice of dishonor, ... and the bringing of suit against any party thereto....

Thus, the provisions of the note addressed the duties of the guarantor.

Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.