Court of Appeals
Fourth Court of Appeals District of Texas





# MEMORANDUM OPINION

No. 04-10-00181-CV

**CITY OF SAN ANTONIO, TEXAS**,
Appellant

v.

**D'HANIS STATE BANK**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-01778
Honorable Michael Peden, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: August 18, 2010

AFFIRMED

The City of San Antonio, Texas ("City") appeals the trial court's orders denying the City's plea to the jurisdiction and granting a temporary injunction in favor of D'Hanis State Bank ("Bank"). The City contends the trial court erred in denying its plea to the jurisdiction because the Bank lacked standing to challenge an order of the City's Dangerous Structure Determination Board ("Board"). We affirm the trial court's orders.

**BACKGROUND**

On January 14, 2008, the Board issued a demolition order finding an apartment complex (the "Property") owned by The Raul S. Cantu Family Limited Partnership No. 2 ("Cantu") constituted a public nuisance and ordering its demolition. Although notice of the hearing regarding the demolition order was filed in the public notice records of Bexar County, the notice was not filed in the real property records. Cantu sought judicial review of the demolition order by filing a petition in district court in February of 2008.

In September of 2009, Cantu sold the Property to S. A. Eden Roc Apartments, LLC ("S.A. Eden Roc"). The Bank financed the purchase price for the Property and a construction loan for its renovation. The Warranty Deed with Vendor's Lien, which documented both the conveyance of the Property to S.A. Eden Roc and the Bank's vendor's lien, and the Deed of Trust, which further documented the Bank's lien, were filed in the real property records on September 8, 2009.

On September 18, 2009, the City granted S.A. Eden Roc a series of building permits relating to the renovation of the Property, and renovation work was commenced with financing provided by the Bank. On September 24, 2009, the City revoked the permits. At that time, the Bank had loaned approximately $516,000.00 to S.A. Eden Roc. Approximately $380,000.00 of the loan proceeds was used to pay the purchase price for the Property, and the balance of the loan proceeds was spent on renovations.

On October 15, 2009, the City moved to dismiss Cantu's lawsuit seeking judicial review of the demolition order, asserting, among other grounds, that Cantu had sold the Property. In addition to being filed over one and one-half years after Cantu filed the lawsuit, the City's motion was filed after the City was on notice that the Property had been sold, after the City

granted S.A. Eden Roc permits to renovate the Property, and after the Bank had advanced substantial funds to renovate the Property. On October 21, 2009, the trial court signed an order granting the City's motion and dismissing Cantu's lawsuit.

On November 12, 2009 the Bank received notice that the City revoked the permits previously granted to S.A. Eden Roc and ordered work on the Property to stop. The Bank did not have notice of the demolition order until mid-December of 2009.

On February 4, 2010, the Bank filed suit against the City requesting a temporary restraining order and injunctive relief to prevent the demolition of the apartment complex. The City filed a plea to the jurisdiction, asserting the Bank lacked standing to pursue the relief it sought. The trial court denied the City's plea to the jurisdiction and granted a temporary injunction in favor of the Bank. The City appeals.

### PLEA TO THE JURISDICTION

We review a trial court's order granting or denying a plea to the jurisdiction de novo. *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). We consider the facts alleged by the plaintiff, and we consider evidence submitted by the parties to the extent the evidence is relevant to the jurisdictional issue. *Id.*

The City contends the trial court erred in denying its plea to the jurisdiction because the Bank lacked standing to challenge the demolition order. The City asserts the Bank lacked standing because: (1) section 214.0012 of the Texas Local Government Code permits judicial review of a demolition order to be sought only by an owner or lienholder aggrieved by the order at the time the order is issued; (2) section 214.0012 provides the exclusive method for seeking judicial review of the demolition order; and (3) the Bank cannot collaterally attack the

demolition order by seeking injunctive relief.[1] Each of these contentions is based on the premise that the Bank is seeking judicial review of the order by challenging the validity of the order as against all parties. Although the Bank's pleadings could be broadly read as asserting such a challenge, the Bank clarified its position at the hearing before the trial court. The Bank argued at the hearing that the trial court was not deprived of jurisdiction because the demolition order was unenforceable as against the Bank, which was an innocent lender for value similar to a bona fide purchaser. The Bank explained:

> But the most important problem with this case is this — it's not whether the Cantus were given their rights and had their rights of the appeals and took care of that or whether Falcon Bank [Cantu's lender and the prior lienholder] had their rights and pursued those rights. It's what about D'Hanis State Bank, who had no actual and no constructive notice of this proceeding, of the order or of anything else. Because this building was allowed to stay up, because there was no publication of notice that could have been put in the real property records and would have given constructive notice to subsequent lien holders like this bank — because that wasn't done, they took the property as an innocent — well, they were an innocent lien extender or an innocent lender for value.

The purpose of the Uniform Declaratory Judgments Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (Vernon 2008). Under the Act, a person interested under a deed or written contract is entitled to a determination regarding any question of construction or validity arising under the deed or contract and to obtain a declaration of the person's rights, status, or legal relations thereunder. *Id*. at § 37.004(a). In this case, the Bank is seeking a declaration of its rights under the Warranty Deed and Deed of Trust. In particular, the Bank is seeking a declaration that its rights under the Warranty Deed and Deed of Trust preclude the City from proceeding with the demolition of the apartment complex. Because the Bank is a

---

[1] We note that the cases cited by the City to support its contention that a demolition order is not subject to collateral attack involve subsequent proceedings brought by the individuals or entities that owned the property at the time the demolition order was issued.

person interested under a deed or written contract, the Act gives the Bank standing to seek declaratory relief, and the trial court did not err in denying the City's plea to the jurisdiction.

<h2 style="text-align:center">TEMPORARY INJUNCTION</h2>

The decision to grant a temporary injunction lies in the sound discretion of the trial court and is subject to reversal only for a clear abuse of that discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Khaledi v. H.K. Global Trading, Ltd.*, 126 S.W.3d 273, 280 (Tex. App.—San Antonio 2003, no pet.). The court of appeals cannot reverse the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Butnaru*, 84 S.W.3d at 211. An abuse of discretion does not exist when the trial court bases its decision on conflicting evidence and the evidence reasonably supports its conclusion. *Butnaru*, 84 S.W.3d at 211; *Khaledi*, 126 S.W.3d at 280.

The purpose of a temporary injunction is to preserve the status quo until a final hearing on the merits. *Butnaru*, 84 S.W.3d at 204; *Khaledi*, 126 S.W.3d at 279. To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204; *Khaledi*, 126 S.W.3d at 280.

In its brief, the City does not directly address which element it contends the Bank failed to establish. The City does, however, assert that the City's failure to file the notice of the hearing regarding the demolition order in the real property records does not render the demolition order void. We construe this argument as a challenge to whether the Bank established a probable right to relief in view of the notice filed by the City. In establishing a probable right to the relief it sought, the Bank was not required to establish that it would prevail on final trial. *Khaledi*, 126 S.W.3d at 280.

Status as a bona fide lender/mortgagee is obtained if the lender/mortgagee obtained an interest in the property in good faith, for value and without notice of the claim or interest of a third party. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 769 (Tex. 1983); *World Sav. Bank, F.S.B. v. Gantt*, 246 S.W.3d 299, 306 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The City appears to argue that the Bank is not protected as a bona fide lender because the City filed a notice of the hearing regarding the demolition order with the Bexar County Clerk. *See Musick*, 650 S.W.2d at 769 (requiring bona fide lender to be without notice of a claim or interest of a third party); *Gantt*, 246 S.W.3d at 306 (same). However, section 214.001(e) of the Local Government Code provides that a notice of hearing regarding a demolition order is binding on subsequent grantees and lienholders only if the municipality files the notice of hearing in the Official Public Records of Real Property. *See* TEX. LOC. GOV'T CODE ANN. § 214.001(e) (Vernon Supp. 2009) (providing filing of the notice of the hearing regarding a demolition order is binding on subsequent lienholders after the filing of the notice in the Official Public Records of Real Property). The evidence is undisputed that the City's notice of hearing was filed in the public notice records which are maintained separately from the real property records.[2] Accordingly, under section 214.001(e), the notice was not binding on the Bank as a subsequent lienholder, and the City has failed to meet its burden of showing that the trial court abused its discretion in granting the temporary injunction.

## CONCLUSION

The trial court's orders are affirmed.

Catherine Stone, Chief Justice

---

[2] Although the City cites cases that hold that an instrument is considered recorded when deposited for recording with the clerk even if the instrument is not recorded by the clerk, the clerk in this case had recorded the notice of hearing. No evidence was presented that the City requested that the notice be recorded in the real property records instead of the public notice records where the clerk testified that such notices are routinely recorded. Accordingly, the cases cited by the City are readily distinguishable.