**Reversed and Remanded and Memorandum Opinion filed November 8, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

————————————

## NO. 14-10-00756-CV
————————————

**OTIS LEE HARRIS, SR., Appellant**

**V.**

**ROCKING 8 TRANSPORTATION, INC., Appellee**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-55141**

## MEMORANDUM OPINION

This is an appeal from the granting of a motion for summary judgment. Because we conclude the trial court erred when it granted appellee Rocking 8 Transportation, Inc.'s motion for summary judgment, we reverse and remand for further proceedings in accordance with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed suit against appellee on August 28, 2009. In his second amended original petition, appellant alleged that sometime after April 1, 2004 he began working for appellee as a truck driver. Appellant alleged appellee represented to him that it would

provide him with a lumbar support for use in the truck he drove for appellee. Appellant further alleged the promised lumbar support was never provided to him. Appellant alleged that as a result of appellee's failure to provide the lumbar support, after approximately six months of driving trucks for appellee, he began experiencing lower back pain. Finally, appellant alleged the lower back pain became so severe, he was forced to stop driving a truck for appellee and take lower paying jobs.[1] In his second amended original petition, appellant plead a single cause of action: breach of contract. According to appellant, appellee breached the agreement to provide him with a lumbar support and that as "a direct and proximate result of [appellee's] breach, [appellant] has suffered the following damages: [appellant] suffered a debilitating back injury which caused him to be physically unable to work at his desired profession…."

Appellee eventually moved for summary judgment on appellant's cause of action. Appellee argued that "at all times material, [appellee] was a 'subscriber' to the Texas Workers' Compensation Act as that term is defined by the Texas Labor Code." In support of this contention, appellee attached a copy of a workers' compensation insurance policy with the policy period commencing on April 1, 2004 and ending on April 1, 2005 (the "Policy"). Included in the Policy was a specific notice that the insurer would not renew the Policy when it expired.[2] Based on this single piece of summary judgment evidence, appellee asserted it was "entitled to summary judgment on its affirmative defense asserting the statutory bar from civil suit afforded [appellee] by the exclusive remedy provision of the Texas Workers' Compensation Act."

---

[1] We include appellant's allegations as background to clarify the issues on appeal. We understand that pleadings, such as appellant's second amended petition, do not normally constitute summary judgment evidence. *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *but see Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (holding that a judicial admission made in a party's pleadings could support the granting of a summary judgment).

[2] Appellee attached no other evidence to the motion for summary judgment.

Appellant filed a response to appellee's motion for summary judgment in which he argued his claim was not barred by the exclusive remedy provision of the Texas Workers' Compensation Act. Appellant attached three items to his summary judgment response. First, appellant attached his affidavit. In his affidavit, appellant stated:

> 2. I was hired as a driver by [appellee], … to make runs within a 200 mile radius of its terminal building. After a short while on the job, I was assigned to the unit that made [appellee's] Texas City run. On this run I would drive my assigned truck to the Dow Chemical Plant in Texas City, Texas to pick up large pieces of scrap metal. I would make this run at least two times a week during my normal work duties.
>
> 3. Prior to having to make this run, [appellee] agreed with me that it would retrofit its old Kenworth trucks with lumbar support seats. Furthermore, prior to having to make this run, I did not have any trouble with my back. However, [appellee] failed to do this even after repeated requests by me for it to do so.

Second, appellant attached a copy of appellee's "First Amended Answers to Plaintiff's Interrogatories." In answer to interrogatory 3, appellee answered "[appellant] was employed as a Truck Driver from April 26, 2004 through September 30, 2005, when he voluntarily quit the company." Finally, appellant attached his pay stub from appellee for the week of August 18 through August 24, 2004.

The trial court granted appellee's motion for summary judgment and this appeal followed.

## DISCUSSION

In a single issue on appeal, appellant challenges the summary judgment in favor of appellee. According to appellant, appellee failed to meet its summary judgment burden by proving each element of appellee's affirmative defense as a matter of law. More specifically, appellant contends appellee failed to prove as a matter of law that appellant was injured during the time period appellee proved it had worker's compensation insurance: April 1, 2004 through April 1, 2005. We agree.

3

## I.    The Standard of Review

Appellee moved for a traditional summary judgment.   *See* Tex. R. Civ. P. 166a(c). In the motion, appellee asserted it was entitled to summary judgment on the affirmative defense that appellant's cause of action was barred by the exclusive remedy provision of the Texas Workers' Compensation Act.   *See* Tex. Lab. Code Ann. § 401.001 (Vernon 2006).

In a traditional motion for summary judgment, the movant has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).   In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true and the reviewing court makes all reasonable inferences and resolves all doubts in the non-movant's favor.   *Id.* at 548–49.   If there is no genuine issue of material fact, summary judgment should issue as a matter of law.   *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001).   A defendant who conclusively negates at least one of the essential elements of a plaintiff's cause of action is entitled to a summary judgment on that claim.   *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).   A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all of the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).   Once a defendant establishes its right to summary judgment, the burden then shifts to the plaintiff to come forward with summary judgment evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).   The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes each element of its cause of action as a matter of law.   *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).   The trial court may not grant summary judgment by default because the nonmovant did not respond to the summary judgment motion when the movant's summary judgment proof is legally insufficient.   *Id.* at 223.

4

On appeal, the nonmovant need not have responded to the motion to contend the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *Id.*

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take all evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Id.* On appeal, the summary judgment movant still bears the burden of showing there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Rhone-Poulenc, Inc.*, 997 S.W.2d at 223.

## II. Analysis

On appeal appellant contends the trial court erred in granting appellee's motion for summary judgment for two reasons. First, he asserts his cause of action against appellee is a breach of contract action which is not barred by the exclusive remedy provision of the Texas Workers' Compensation Act. Second, appellant contends the trial court erred because appellee did not meet its summary judgment burden of proving as a matter of law each element of its affirmative defense. Specifically, appellant argues there is a fact issue on whether appellee was a subscriber under the Texas Workers' Compensation Act when appellant's cause of action arose.[3] In making this argument, appellant points to appellee's answer to interrogatory 3 that appellant was employed as a driver for appellee from April 26, 2004 through September 30, 2005, a termination date more than five months after the Policy expired.

---

[3] In its response brief, appellee suggests appellant cannot make his second argument on appeal because he did not make the same argument in his summary judgment response. While we agree with the general principle cited by appellee, as we point out in the standard of review, a summary judgment nonmovant, even one that did not file a response, can argue on appeal that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment.

5

Because it is dispositive of this appeal, we turn first to appellant's second argument.[4] To be entitled to summary judgment, appellee was required to prove as a matter of law that it was a workers' compensation subscriber at the time appellant's allegedly job-related injury occurred. To accomplish this, appellee attached the Policy as summary judgment evidence. There is no evidence in the summary judgment record proving appellee was covered by a workers' compensation insurance policy after April 1, 2005. Indeed, a reasonable inference from the notice informing appellee the Policy would not be renewed is that appellee was not a workers' compensation subscriber after April 1, 2005. There is also no evidence in the summary judgment record proving that appellant's allegedly work-related injury occurred between April 1, 2004 and April 1, 2005.

Appellee attempts to work around this failure of proof by asserting "appellant, through his own pleadings, has acknowledged the date of his cause of action." While it is true an opponent's pleadings can be a judicial admission, we conclude appellant's second amended petition does not contain a judicial admission that can support the granting of summary judgment in favor of appellee. *See Houston First American Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) ("Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence.").

Appellant's second amended petition does not assert a date when he was injured. Appellant stated in his live pleading that appellee offered him a job on April 1, 2004. Appellant does not state that he started working for appellee on that specific day. Appellant claims he was injured six months after starting the "Texas City run," which he started driving "shortly after" he started working for appellee. Appellee asks this court to conclude that these facts establish as a matter of law that appellant was injured between

---

[4] Because we conclude appellee failed to prove as a matter of law it was entitled to summary judgment on its affirmative defense, we do not reach and render no opinion on appellant's first ground.

April 1, 2004 and April 1, 2005. Because a pleading must be clear and unequivocal to be a judicial admission, we decline that invitation. *Id.* Therefore, appellee cannot rely on appellant's pleadings to meet its summary judgment burden.

Next, appellee asserts the date of appellant's injury can be ascertained from an examination of appellant's summary judgment response. In support of this argument, appellee cites to a single page of the clerk's record. The referenced page is part of the facts section of appellant's summary judgment response. Appellee then concludes it is clear appellant's alleged injury occurred during the coverage period of the Policy. Once again, appellee seeks out summary judgment evidence in the wrong place. "It is well settled that neither the motion for summary judgment, nor the response, even if sworn, is ever proper summary judgment proof." *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Because appellee failed to meet its summary judgment burden, we hold the trial court erred when it granted appellee's motion for summary judgment. Therefore, we sustain appellant's issue on appeal.

## CONCLUSION

Having sustained appellant Otis Lee Harris, Sr.'s issue on appeal, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.


/s/      John S. Anderson
         Justice


Panel consists of Justices Anderson, Brown, and Christopher.

7