**Affirmed and Opinion Filed December 27, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00344-CV**

**ADVANTAGE AVIATION TECHNOLOGIES, INC., Appellant**
**V.**
**AXCESS AVIATION MAINTENANCE SERVICES, INC., Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-03315**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Smith
Opinion by Justice Molberg

In this appeal of a two-party, tried-to-the bench lawsuit, appellant Advantage

Aviation Technologies, Inc. asks us to vacate a judgment against Advantage and in

favor of appellee Axcess Aviation Maintenance Services, Inc. on the parties'

competing breach of contract claims involving two separate agreements.

Advantage raises five issues. All are premised on the argument that Axcess

lacks standing to pursue its claims against Advantage because no contracts exist

between these parties but between Axcess and a party different from Advantage.[1] As a result of its lack-of-standing argument, Advantage questions jurisdiction, and says the trial court's judgment is void and must be vacated.

In the course of the lower court proceedings, Advantage filed a counterclaim against Axcess, wherein it claimed, without equivocation and not in the alternative, Axcess breached the contracts between the parties. Advantage alleged it sustained damages of more than $90,000 to which it was entitled, plus attorney fees pursuant to the contracts. In other words, Advantage sought to enforce the very contracts which it belatedly claims did not exist.

We affirm the judgment based on the record before us and our prior binding precedent in *Murphy v. Killer Ridez, Inc.*, No. 05-13-00035-CV, 2014 WL 428987, at *1–2 (Tex. App.—Dallas Feb. 3, 2014, no pet.) (mem. op.), in which we stated:

> Murphy's complaint on appeal challenges the existence and validity of the contract, claiming the parties had no agreement regarding charges for parts and materials and no evidence shows they had a contract. At trial, however, Murphy did not challenge the validity of the contract, he did not argue the contract was missing an essential element, nor did he claim there was no "meeting of the minds." In fact, in his amended counter petition, Murphy alleged he and Killer Ridez had a contract, Killer Ridez "promised and agreed to perform restoration" of Murphy's pickup, and Killer Ridez breached its contractual obligations to Murphy.

---

[1] On appeal, Advantage argues the contracts at issue were between Axcess and a third-party, Advantage Aviation Technologies, II, LLC, a matter Advantage failed to raise to the trial court before, during, and after trial—that is, until filing its reply brief in support of Advantage's motion for new trial. Although not determinative of our conclusion, at no time prior did Advantage raise a question about a defect in the parties to the litigation. *See, e.g.*, TEX. R. CIV. P. 93(4) (requiring a verified denial where a defect of parties is claimed). A review of the trial record also reveals that the case was tried to the court as if the named parties were, in fact, the parties to the contracts.

Assertions of fact, not pleaded in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001); *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). A judicial admission that is clear and unequivocal is conclusive upon the party making it; it relieves the opposing party of the burden of proving the admitted fact and bars the admitting party from disputing it. *Wolf*, 44 S.W.3d at 568; *Gevinson v. Manhattan Constr. Co.*, 449 S.W.2d 458, 467 (Tex. 1969).

Here, Murphy pleaded the existence of a contract and alleged Killer Ridez was the breaching party. In so doing, Murphy has judicially admitted the existence of a contract and is now barred from disputing it. We reject Murphy's appellate challenge of whether the parties had a contract.

In its pleading, Advantage did what Murphy did: pleaded the existence of the same contracts Axcess alleged, and alleged Axcess was the breaching party. Based on the record before us and our prior decision in *Murphy*, we conclude Advantage has judicially admitted the existence of the contracts between the parties and is now barred from disputing it.[2]

We overrule Advantage's five issues and affirm the trial court's judgment.

230344f.p05

/Ken Molberg/
_____
KEN MOLBERG
JUSTICE

---

[2] Our sister court reached a similar conclusion regarding judicial admissions in a party's pleading in *Restrepo v. All. Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 740–41 (Tex. App.—El Paso 2017, no pet.) (concluding appellants judicially admitted they entered into the contract with appellees).



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ADVANTAGE AVIATION
TECHNOLOGIES, INC., Appellant

No. 05-23-00344-CV     V.

AXCESS AVIATION
MAINTENANCE SERVICES, INC.,
Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-03315.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AXCESS AVIATION MAINTENANCE SERVICES, INC. recover its costs of this appeal from appellant ADVANTAGE AVIATION TECHNOLOGIES, INC.

Judgment entered this 27th day of December, 2023.