**Affirmed and Memorandum Opinion filed November 29, 2011.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-01227-CV

---

## LI LI D/B/A VILLA RESIDENTIAL DESIGN STUDIO, Appellant

## V.

## 1821 WEST MAIN DEVELOPMENT LLC, Appellee

---

### On Appeal from the 269th District Court
### Harris County, Texas
### Trial Court Cause No. 2008-57290

---

## M E M O R A N D U M   O P I N I O N

In this breach of contract case, appellant Li Li d/b/a Residential Design Studio ("Li Li") challenges the trial court's conclusion that she breached an oral agreement with 1821 West Main Development LLC ("West Main").[1] Li Li first asserts that there is no evidence or insufficient evidence to establish that she had a contract with West Main because (a) West Main's pleadings do not support this claim and (b) she was not aware that she was contracting with West Main and instead believed she was contracting with another developer, Gary Lee of Watermark Homes ("Watermark"). She further challenges the evidence to support the trial court's damages award. We affirm.

---

[1] Li Li's notice of appeal and brief both list "Seven Bricks, Inc." as an additional appellee; however, she raises no appellate issues regarding this entity.

## BACKGROUND

In 2006, West Main purchased property located at 617 Wellesley in Hunter's Creek Village, Harris County. Imran Maniar, a principal of West Main and Seven Bricks, was introduced to Li Li, an experienced high-end residential home designer, by Gary Lee of Watermark. The two met at the Watermark offices, where they entered into an oral agreement for Li Li to design a home for the Wellesley property.[2] As part of this agreement, Li Li charged Maniar a lower-than-usual rate in return for Maniar's agreement to provide certain documentation, including a survey of the property, and to perform the "leg work" of taking the design plans to the appropriate authorities for approval. Li Li had provided a similar discount to other developers under these same general terms.

One of Maniar's employees, a student named Yasir Khan, contacted Li Li and provided her with a survey of the property. However, the survey was old and did not include several of the set-back lines. Khan also provided Li Li the contact information for the building official for Hunter's Creek Village, Dennis Holm.

Li Li prepared her first home design plans for the Wellesley property sometime in April 2007, about three to four months after she had been engaged. These plans were rejected because they did not comply with the appropriate property set-backs. After several communications between Li Li, Holm, Khan, and Maniar, Li Li provided new plans a few months later. These plans were likewise rejected because of a mistake Li Li made. Several revisions to the plans ensued. Each time Li Li submitted new design plans, they had to be drawn up by an engineering firm at considerable cost. Ultimately, Maniar asked Gary Lee at Watermark to take over the project because Lee had a better working relationship with Li Li. West Main paid Watermark $88,000 to take over the project. After Watermark took over the project, Lee discovered the necessity of a home

---

[2] At no time during the meeting did Maniar disclose to Li Li that he was acting on behalf of West Main or Seven Bricks.

owner's association approval. Maniar had informed Holm at Hunter's Creek Village that such approval was not required.

The residential design plans were finally approved almost a year after Li Li initially undertook the project. These plans were not the ones that Li Li had submitted to Maniar. Instead, they were plans from a prior project with Watermark that Li Li modified to fit the Wellesley property. The plans were approved both by Hunter's Creek Village and the appropriate homeowner's association. The house that Li Li designed was built on the Wellesley property and sold shortly thereafter.

In September 2008, West Main and Seven Bricks, Inc. sued Li Li, claiming that she had orally contracted with Seven Bricks, Inc., that she breached that contract by failing to timely provide design plans, and that Seven Bricks suffered damages of $80,000, which it would have been paid had it completed the project. West Main was named as a third-party beneficiary to the contract. West Main alleged damages of $82,367.46 for loan carrying costs, re-engineering fees, and additional permitting fees. Seven Bricks and West Main also alleged that Li Li was negligent and that their damages were the same as their alleged contract damages. Li Li generally denied the allegations.

In February 2009, Li Li filed a counter-claim. In her petition, she sued Seven Bricks and West Main. Specifically, she asserted the following in the "Factual Background" of her petition:

> Counter-defendants [Seven Bricks and West Main] engaged Li Li to perform design work for a number of projects in Harris County, including the project that forms the basis of Plaintiffs' complaints in this lawsuit. Li Li performed the work requested by Counter-defendants. However, Counter[-]defendants made some payments but failed to pay Li Li the full agreed upon amounts for the design services rendered on these projects. The amount that remains owing to Li Li is $7,560.06.

Under the "Causes of Action" portion of her petition, Li Li asserted that Seven Bricks and West Main had breached their contract with her:

Li Li had a valid and enforceable agreement with Counter-defendants. Li Li fully performed all conditions, covenants and obligations under the agreement with Counter[-]defendants, but Counter-defendants refused or failed to perform in compliance with its obligations. Counter-defendants have therefore breached the provisions of the contract with Li Li. Because of such breaches, Li Li has sustained actual damages exceeding the minimum jurisdictional limits of the Court, for which she now seeks recovery. Additionally, Li Li has incurred reasonable and necessary attorney's fees for the prosecution of this suit for which she also seeks recovery.

This case was tried to the bench in June 2010. The trial court found that Li Li breached her contract with West Main and that West Main breached its contract with her. It awarded West Main damages in the amount of $154,214.60 and attorney's fees of $13,000. It awarded Li Li offsetting damages of $7,600 and $3,500 in attorney's fees. Prior to rendering judgment on September 29, 2010, the trial court signed the following findings and conclusions on June 24, 2010:

## FINDINGS OF FACT

1. Plaintiff 1821 West Main Development, L.L. C. ("1821 West Main") purchased property located at 613 Wellesley ("Wellesley Property") in Hunter's Creek Village in 2006.

2. 1821 West Main retained Plaintiff Seven Bricks, Inc. ("Seven Bricks") to construct a house on the Wellesley Property.

3. Imran Maniar acting on behalf of 1821 West Main retained Defendant Li Li d/b/a Villa Residential Design Studio to design the house for the Wellesley Property as well as houses to be constructed on property owned by 1821 West Main on Pine Forest and Reba streets.

4. In the oral agreement between Li and 1821 West Main, Li agreed to design the houses on the Wellesley Property, as well as on Pine Forest and Reba, and 1821 agreed to perform the leg work of taking the plans for the houses to the applicable local government permitting authorities and homeowners' associations for approval and to return rejected plans to Li.

5. 1821 West Main agreed to pay Li $1.50/ft$^2$ of framed space for her designs.

4

6. Seven Bricks did not prove by a preponderance of evidence that it was a party to the agreement between Li and 1821 West Main.

7. Li did not timely produce adequate plans for government and homeowners' association approvals.

8. Li failed to comply with her agreement with 1821 West Main.

9. Li's failure to comply with the agreement caused 1821 West Main to experience out-of-pocket damages of $154,214.60.

10. Li was negligent.

11. The negligence of Li proximately caused damages to 1821 West Main in the amount of $154,214.60.

12. 1821 West Main was not negligent.

13. Seven Bricks was not negligent.

14. 1821 West Main has not complied with its agreement with Li to pay her for her designs.

15. 1821 West Main's failure to comply with the agreement caused Li to experience damages of $7,600.00.

16. The reasonable and necessary amount of attorneys' fees that 1821 West Main incurred in prosecuting its claim is $13,000.00.

17. The reasonable and necessary amount of attorneys' fees that Li incurred in prosecuting her counterclaim is $3,500.00.

18. To the extent that any Conclusion of Law is more properly characterized as a Finding of Fact, it is *ADOPTED* as such.

## CONCLUSIONS OF LAW

1. Li owed a duty of ordinary care to 1821 West Main and Seven Bricks.

2. The Court concludes that 1821 West Main should recover prejudgment interest at a rate of 6% simple interest for the period of September 29, 2008, through the day preceding the date judgment is rendered.

3. The Court concludes that 1821 West Main should recover post judgment interest at a rate of 6% compounded annually for the period beginning on the date the judgment is rendered and ending on the date the judgment is satisfied.

4. The Court concludes that Li should recover prejudgment interest at a rate of 6% simple interest.

5

5. The Court concludes that Li should recover post judgment interest at a rate of 6% compounded annually for the period beginning on the date the judgment is rendered and ending on the date the judgment is satisfied.

6. To the extent that any Finding of Fact is more properly characterized as a Conclusion of Law, it is **ADOPTED** as such.

Li Li's requested amended findings and conclusions, but the trial court did not rule on her request. Her motion for new trial was overruled by the trial court, and this appeal timely followed.

## ANALYSIS

### A. West Main's Breach of Contract Claim

In her first issue, Li Li asserts that West Main was not entitled to recover contractual damages against her because no such recovery is supported by West Main's pleadings and because there was no evidence or insufficient evidence to support an oral agreement or a finding of breach by Li Li. We consider first whether the pleadings support West Main's recovery of contract damages, then turn to the sufficiency of the evidence to support the finding that there was an oral contract and that Li Li breached this contract.

We agree with Li Li that West Main's pleadings, which cast West Main as a third-party beneficiary to an alleged contract between her and Seven Bricks, do not support West Main's recovery under a direct breach-of-contract theory. However, issues not raised by the pleadings may be tried by the express or implied consent of the parties. *See* Tex. R. Civ. P. 67; *Moore v. Altra Energy Techs., Inc.*, 321 S.W.3d 727, 733 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Here, during Li Li's counsel's examination of Maniar, the following testimony was elicited:

Q: When you met with Li Li to discuss these three projects, the Wellesley, Reba, Pine Forest, and when you eventually hired her to do the design work on these three projects, were you doing that on behalf of 1821 West Main Development?

6

A:    1821 West Main Development owned Wellesley and Reba. The Pine Forest was owned by another investor.

. . .

Q:    So when you hired Li Li to do the design work, who was - - who was hiring Li Li?

A:    Seven Bricks was hiring Li Li for the Pine Forest project. *1821 West Main was hiring her for the other two projects.*

. . .

Q:    And in making that contract, *you were acting on behalf of 1821 West Main Development*?

A:    *On the Wellesley project.*

. . .

Q:    Okay. I'm sorry. *So you were acting on behalf of 1821 West Main Development in making a contract for the Wellesley property with Li Li*?

A:    That's correct.

. . .

Q:    Well, the agreement was between - - I think you just told me - - between 1821 West Main Development and Li Li?

A:    Right . . . .

(emphasis added). These questions and responses directly relate to the issue of whether West Main was a primary party to the oral agreement regarding the Wellesley property. They have no bearing whatsoever on whether West Main was a third-party beneficiary to any other contract. Accordingly, this unobjected-to testimony adequately notified Li Li that the issue of whether West Main and she had an oral contract was being "tried." Tex. R. Civ. P. 67.

Regarding the sufficiency of the evidence to support the trial court's finding that Li Li had an oral contract with West Main, as described above, Li Li filed a counter-claim in this case. In her counter-claim, she acknowledged that she had a valid oral agreement with both Seven Bricks and West Main. Such an assertion of fact, not pled in the alternative, in the live pleadings of a party is regarded as a formal judicial admission, precluding the party from later disputing the admitted fact. *Holy Cross Church of God in*

7

*Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (citing *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) and *Gevinson v. Manhattan Constr. Co.*, 449 S.W.2d 458, 467 (Tex. 1969)). Because Li Li judicially admitted that she had a contract with West Main, she cannot dispute the existence of the contract. *See id.* Additionally, the unobjected-to testimony recited above, coupled with Li Li's judicial admission that she had a contract with West Main, vitiate her arguments that the contract did not exist because she did not have a "meeting of the minds" with West Main or that Manier was acting as an agent of an undisclosed principal.

Regarding the evidence supporting a finding of breach of this contract by Li Li, in reviewing a trial court's findings of fact for legal and factual sufficiency of the evidence, we apply the same standards we apply in reviewing the evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When the appellate record contains a reporter's record, as it does in this case, findings of fact are not conclusive on appeal if a contrary fact is established as a matter of law or if there is no evidence to support the finding. *See Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 257 (Tex. App.—Houston [14th Dist.] 2003, pet denied).

A contracting party breaches a contract by failing to complete performance of the contract within a reasonable time. *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer*, *Inc.*, 178 S.W.3d 198, 205–06 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Here, Gary Lee of Watermark testified that he expected Li Li to be familiar with the provisions of the city building codes and that she was responsible for complying with these codes. He also testified that a "commercially reasonable" amount of time for a designer to get a plan to a city is between three and four months. Dennis Holm of Hunter's Creek Village testified that the Wellesley project "seemed that it just kept going on and on and on." He further stated that the city's building rules were available on-line and that in his two-year tenure at Hunter's Creek Village, no home took longer to get approval than the one at 617 Wellesley. Maniar testified that he became frustrated with Li Li around five to six months into the project because "she had no clue how to get plans to [the city] at that

8

time." He further testified that in the 55 homes he had built, it never took longer than three months to get the necessary building plan approvals.

All of this testimony supports the trial court's finding that Li Li did not timely produce adequate plans for Hunter's Creek Village approval. We conclude that reasonable factfinders could credit this finding; thus legally sufficient evidence supports it. *See City of Keller*, 168 S.W.3d at 827. Further, the finding is not so weak or the evidence to the contrary so overwhelming that it should be set aside. *See Burlington N. & Santa Fe Ry.*, 174 S.W.3d at 354.

Accordingly, this finding is supported by legally and factually sufficient evidence. This finding supports the trial court's conclusion that Li Li failed to comply with her agreement with 1821 West Main. *See Bencon Mgmt. & Gen. Contracting, Inc.*, 178 S.W.3d at 205–06. Because Li Li judicially admitted that she had a valid and enforceable contract with West Main and because legally and factually sufficient evidence supports the trial court's finding of breach, we overrule Li Li's first issue.

### B. Sufficient Evidence Supports the Damages Awarded to West Main

In her second issue, Li Li asserts that the evidence is legally and factually insufficient to support the damages awarded to West Main. As noted above, we consider the legal and factual sufficiency of a trial court's findings under the same standards as applied to a jury's findings.

Here, the following uncontroverted testimony supports the trial court's damages award of $154,214.60 to West Main:

- The interest incurred on the construction loan that West Main procured to cover construction costs of the Wellesley property was $3,816.56 between June of 2007 when Li Li breached the agreement and the property was sold in February of 2008;
- The interest incurred on the mortgage West Main took procured to purchase the Wellesley property during that same time period was $39,610.60;
- West Main paid Watermark $88,000 to take over construction of the project;

9

- During that same period of time, taxes totaling $5,887.45 were incurred;
- Re-engineering fees based on Li Li's unusable plans cost $7,300; and
- Li Li was paid $9,600 for her unused plans.

These amounts total $154,214.61, which is one penny more than the damages found by the trial court.[3]  Additionally, although West Main did not plead for the interest accrued on its property loan during Li Li's breach, this issue was tried by consent.  *See* Tex. R. Civ. P.67 (explaining that "issues not raised by the pleadings are tried by express or implied consent of the parties [and] shall be treated in all respects as if they had been raised in the pleadings").  Testimony regarding the property interest loan and the accrued interest on the loan was introduced without objection.  Specifically, Maniar explained which months Li Li was in breach and then concluded that, based on the interest accrued on the property loan, she was liable for identified sum.  This unobjected-to testimony adequately notified Li Li that this issue was being "tried."  Tex. R. Civ. P. 67.

Under these circumstances, we conclude that reasonable factfinders could credit the evidence supporting this finding and there is no controverting evidence regarding this finding.  Accordingly, the trial court's damages award is supported by legally and factually sufficient evidence.  Li Li's second issue is overruled.

## CONCLUSION

We have overruled each of Li Li's issues on appeal.  We affirm the trial court's judgment.


/s/      Adele Hedges
Chief Justice



Panel consists of Chief Justice Hedges and Justices Brown and McCally.

---

[3] Although Li Li challenges the award of attorneys' fees on appeal, the parties stipulated to these amounts in the trial court.  Thus, this portion of her issue provides no basis for relief.

10