# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00025-CV

**Bumjin Park and Jaeyoung Park, Appellants**

**v.**

**Suk Baldwin Properties, LLC; Cen-Tex Family Dental, PLLC; Bok Suk Baldwin, Individually; and Suzanne Baldwin, Individually, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 296,082-B, HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Bumjin Park and Jaeyoung Park appeal from an interlocutory order denying their motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011. The Parks sued appellees Suk Baldwin Properties, LLC; Cen-Tex Family Dental, PLLC; Bok Suk Baldwin, Individually; and Suzanne Baldwin, Individually, for damages allegedly arising out of the Parks' purchase of commercial property from them.[1] After appellees counterclaimed, the Parks filed their motion to dismiss the counterclaim based on the Parks' exercise of their right to petition. *See id.* § 27.001(4)(A)(i) (defining "exercise of the right to petition"). For the following reasons, we affirm the trial court's order.

---

[1] The Parks also sued Kevin A. Baldwin. He did not file a counterclaim and is not a party on appeal, but he remains a party in the underlying proceeding.

## Background

The commercial property at issue has a retail strip center on it with business tenants, including Cen-Tex Family Dental, PLLC (Cen-Tex Dental). In their original petition against appellees, the Parks alleged that they purchased the property from appellees for $1,000,000, and that, during the negotiations for the property's purchase, appellees "made significant materially misleading statements regarding the condition of the property, the status of the tenants on the property, the terms of the leases with those tenants, and the status of security deposits of those tenants." The Parks also contended that Bumjin Park's signature was "forged" on the "lease agreement" for the suite in the strip center in which the dental practice of Cen-Tex Dental was located. The Parks asserted the following causes of action against appellees in their petition: (i) common law fraud and fraud in a real estate transaction; (ii) violations of the Deceptive Trade Practices Act (DTPA), *see* Tex. Bus. & Com. Code § 17.50 (authorizing consumer to maintain action and recover damages for "false, misleading, or deceptive act or practice"); and (iii) eviction of a commercial tenant; and they sought to pierce the corporate veil as to Suk Baldwin Properties, LLC.

In their original counterclaim, appellees alleged that: (i) Suk Baldwin Properties, LLC (SBP) was the owner of the commercial property before selling it to the Parks; (ii) Suzanne Baldwin, who is a dentist, owned Cen-Tex Dental and is the daughter of Bok Suk Baldwin; (iii) SBP substantially remodeled the suite in the strip center for Cen-Tex Dental, and, in exchange, Cen-Tex Dental agreed to a long-term lease; and (iv) the terms of the lease provided that Cen-Tex Dental had the right to place a sign "at the top of the marque[e] sign" in front of the strip center. Appellees further alleged that: (i) after the Parks purchased the property, the Parks "began a concerted effort

2

to run off all of the existing tenants," "increased their rent significantly," and "refused to provide services required by the tenants' leases"; and (ii) Cen-Tex Dental "refused to leave their premises" or to agree to "a new lease with a rent increase," resulting in the Parks' "retaliation," including "block[ing] Cen-Tex Dental from erecting its sign on the top space of the pole sign as specifically agreed in the Lease" and "caus[ing] to be placed large trash dumpsters directly in front of Cen-Tex Dental's Suite 106, blocking parking for patients and obstructing the frontal view of their dental practice." Appellees also alleged that:

> Further, [the Parks] have made and repeated scandalous and defamatory statements about [appellees], including the completely false assertion that Bok Suk Baldwin and SBP misrepresented the [ ] property and forged [Bumjin Park]'s name on the Lease. These outrageous falsehoods have caused tremendous emotional distress and mental anguish to Counter-Plaintiffs Bok Suk Baldwin and Dr. Suzanne Baldwin.

Based on their factual allegations, appellees asserted the following causes of action in their original counterclaim: (i) breach of contract; (ii) tortious interference with existing contracts; (iii) tortious interference with prospective business relations; and (iv) violation of section 17.50(c) of the DTPA. *See id.* § 17.50(c).

The Parks filed a motion under the TCPA to dismiss appellees' causes of action asserted in their counterclaim, contending that the causes of action "stem from" the Parks' "exercise of their right to petition." *See* Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i) (defining "exercise of the right to petition" as including "communication in or pertaining to . . . a judicial proceeding"). The Parks argued that "the behavior giving rise to such cause[s] of action" was the Parks' "filing of their Original Petition." In response, appellees filed a first amended counterclaim a few days later.

3

Appellees' causes of action and factual allegations remained the same except the two sentences recited above addressing the alleged "scandalous and defamatory statements" were not included in appellees' first amended counterclaim.

After a non-evidentiary hearing, the trial court denied the Parks' motion to dismiss. This interlocutory appeal followed.

## Analysis

The Parks raise three issues on appeal challenging the trial court's denial of their motion to dismiss. They argue that: (i) appellees' counterclaims "are based on, related to, or in response to [the Parks]' exercise of their right to petition"; (ii) appellees have not made "a prima facie case by clear and specific evidence"; and (iii) the case should be remanded to the trial court for the mandatory award of court costs, reasonable attorney's fees, and other expenses incurred by the Parks and the imposition of sanctions. The Parks' first two issues are directed at the two-step procedure for dismissal under the TCPA.

**Two-Step Procedure for Dismissal under the TCPA and Standard of Review**

In enacting the TCPA, the legislature explained that its purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002; *Hersh v. Tatum*, 526 S.W.3d 462, 466 (Tex. 2017); *see Serafine v. Blunt*, 466 S.W.3d 352, 365–67 (Tex. App.—Austin 2015, no pet.) (*Serafine I*) (Pemberton, J., concurring) (summarizing TCPA legislative

4

history and emphasis on "anti-SLAPP" concerns). "To effectuate the statute's purpose, the Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam).

In the first step, the party filing a motion to dismiss under the TCPA bears the burden to show by a preponderance of the evidence that a "legal action" is "based on, relates to, or is in response to" the party's "exercise of," relevant to this appeal, the "right to petition." Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b); *see Hersh*, 526 S.W.3d at 466; *Coleman*, 512 S.W.3d at 898. Under the TCPA, the definition of a "legal action" includes a "counterclaim or any other judicial pleading or filing that requests legal or equitable relief," Tex. Civ. Prac. & Rem. Code § 27.001(6); the "[e]xercise of the right to petition" includes "a communication in or pertaining to," as relates to this appeal, "a judicial proceeding," *id.* § 27.001(4)(A)(i); *see Cavin v. Abbott*, 545 S.W.3d 47, 64 (Tex. App.—Austin 2017, no pet.) (observing that filing lawsuit and transmitting documents relating to lawsuit are exercises of right to petition under TCPA); and a "'[c]ommunication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic," Tex. Civ. Prac. & Rem. Code § 27.001(1).

If the movant satisfies its burden in the first step, the trial court must dismiss the lawsuit unless the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c); *see Hersh*, 526 S.W.3d at 468; *Coleman*,

5

512 S.W.3d at 899.[2]  A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted."  *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). "It is the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'"  *Id.* (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (per curiam)).  In determining whether to dismiss an action, the trial court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based" regardless of whether they are formally offered as evidence.  Tex. Civ. Prac. & Rem. Code § 27.006(a); *see Hersh*, 526 S.W.3d at 467; *Serafine I*, 466 S.W.3d at 357.  "We review de novo whether each party carried its assigned burden."  *Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.—Austin 2017, no pet.).

In this case, neither party submitted affidavits or presented evidence at the hearing in which the trial court considered the Parks' motion to dismiss.  Thus, resolution of this appeal turns on the parties' live pleadings at the time of the hearing—the Parks' original petition and appellees' first amended counterclaim.  *See* Tex. Civ. Prac. & Rem. Code § 27.006(a); Tex. R. Civ. P. 65 (explaining that generally substituted instrument takes place of original); *Denton Cty. Elec. Coop., Inc. v. Hackett*, 368 S.W.3d 765, 772 (Tex. App.—Fort Worth 2012, pet. denied) (same); *see also Serafine I*, 466 S.W.3d at 394 (Pemberton, J., concurring) (explaining that nonmovants "could have avoided all entanglement with the TCPA had they simply pleaded (or repleaded) their claim" so as

---

[2]  Although not relevant here, even if the nonmovant meets its burden under section 27.005(c), the trial court still "shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim."  Tex. Civ. Prac. & Rem. Code § 27.005(d).

6

to complain exclusively of conduct not covered by TCPA). In this context, we address appellees' first and second issues—which respectively address the two steps of the TCPA's dismissal procedure—as to each of appellees' asserted claims.

**Tortious Interference and Breach of Contract**

Under the first step of the procedure set out in the TCPA, it was the Parks' burden to show that appellees' tortious interference and breach of contract claims were covered by the TCPA. This burden required the Parks to show by a preponderance of the evidence that appellees' claims were "based on, relate[d] to, or [were] in response to" the Parks' exercise of their right to petition by filing this lawsuit. Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b); *see Hersh*, 526 S.W.3d at 466; *Coleman*, 512 S.W.3d at 898.

Based on our review of the parties' pleadings, we conclude that the Parks have failed to carry this burden. *See* Tex. Civ. Prac. & Rem. Code § 27.006(a) (requiring court to consider pleadings). The factual underpinnings of appellees' tortious interference claims as stated in their first amended counterclaim are expressly based on, related to, and in response to alleged conduct by the Parks outside the context of this lawsuit. Among the complained-of conduct, appellees allege that the Parks have interfered with Cen-Tex Dental's existing customer and patient relationships and their prospective business relations with these patients and potential patients by "block[ing] Cen-Tex Dental from erecting its sign on the top space of the pole sign as specifically agreed in the Lease" and "causing to be placed large trash dumpsters directly in front of Cen-Tex Dental's Suite 106, blocking parking for patients and obstructing the frontal view of their dental practice." *See Serafine I*, 466 S.W.3d at 360 (concluding that movant had not satisfied initial burden to show

7

portions of counterclaims that were based on alleged actions taken outside of context of lawsuit were based on, related to, or in response to movant's exercise of right to petition). Similarly, appellees allege that the Parks breached contracts, including the contract to purchase the property at issue, based on the above-stated alleged conduct that was outside the context of this lawsuit. *See id.*

On this record, because appellees' tortious interference and breach of contract claims are based on alleged conduct by the Parks outside the context of this lawsuit and the Parks' motion to dismiss was based on their right to petition by filing this lawsuit, we conclude that the Parks failed in their burden to show that these claims are covered by the TCPA and, thus, that the trial court properly denied the Parks' motion to dismiss those claims. *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b); *see Hersh*, 526 S.W.3d at 466; *Coleman*, 512 S.W.3d at 898.

**DTPA**

Appellees' remaining cause of action was brought under section 17.50(c) of the DTPA. *See* Tex. Bus. & Com. Code § 17.50(c). Under that section, a court must award reasonable attorney's fees and court costs to a defendant when the court finds that "an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment." *Id.* Appellees contended in their first amended petition that the Parks' claims brought under the DTPA were "groundless in fact, groundless in law, brought in bad faith, or brought for the purpose of harassment." *Id.*

Because appellees' claim under the DTPA was brought in response to the Parks' exercise of their right to petition—i.e., the filing of the Parks' DTPA claims in this lawsuit, we conclude that the Parks satisfied their burden to show that appellees' claim brought under section

17.50(c) of the DTPA is covered by the TCPA.  *See* Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i); *Cavin*, 545 S.W.3d at 64; *see also Hawxhurst v. Austin's Boat Tour*s, No. 03-17-00288-CV, 2018 Tex. App. LEXIS 2081, at *10–11 (Tex. App.—Austin Mar. 22, 2018, no pet.) (mem. op.) (concluding that defensive claim brought under chapter 9 of Texas Civil Practice and Remedies Code was subject to TCPA because "claims asserted . . . were brought solely because [non-movant] was forced to defend . . . lawsuit, which it alleged was frivolous").

We turn then to whether appellees satisfied their burden under the second step of the TCPA's procedure to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question."  Tex. Civ. Prac. & Rem. Code § 27.005(c); *see Hersh*, 526 S.W.3d at 468; *Coleman*, 512 S.W.3d at 899; *In re Lipsky*, 460 S.W.3d at 590.  For purposes of this appeal, the essential element of appellees' claim based on section 17.50(c) of the DTPA to establish a prima facie case was that the Parks' DTPA claims were groundless in fact.  *See* Tex. Bus. & Com. Code § 17.50(c).  As was the case with our analysis under the first step, we consider the parties' pleadings in our determination as to whether appellees satisfied their burden.  *See* Tex. Civ. Prac. & Rem. Code § 27.006(a).

The Parks' DTPA claims in their original petition alleged that:

> Defendants have engaged in a pattern and practice of misrepresentation and making false claims to Plaintiffs in the course of their transaction with Plaintiffs.  More specifically, Defendants made false representations regarding their obligations to repair and fix any damage that occurs to the property during the time in which the Plaintiffs own said property.
>
> Due to Defendants['] misrepresentations, Plaintiffs relied on those representations to their detriment and have expected Defendants to follow through with their representations.  Plaintiffs have suffered damages through Defendants' unwillingness

> to follow through with their promises. Plaintiffs have further been damaged by the continued representations by Defendants concerning the status and contents of contracts and/or agreements which contact [sic] forged signatures of Plaintiffs and have been created by Defendants.

*See* Tex. Bus. & Com. Code §§ 17.46 (listing deceptive trade practices that are unlawful), .50 (authorizing consumer to maintain action for relief from deceptive trade practices).

We need go no further than to observe that the Parks affirmatively assert in their pleadings that the consideration that they paid for the purchase of the commercial property at issue was $1,000,000. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) ("Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." (citing *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983))); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (explaining that judicial admission relieves other party's burden to prove admitted fact). The DTPA consumer protections that are the basis of the Parks' claims for relief do not apply to commercial transactions "involving total consideration by the consumer of more than $500,000." *See* Tex. Bus. & Com. Code § 17.49(g) ("Nothing in this subchapter shall apply to a cause of action arising from a transaction, a project, or a set of transactions relating to the same project, involving total consideration by the consumer of more than $500,000, other than a cause of action involving a consumer's residence.").

Thus, even if we assume without deciding that the Parks have consumer status under the DTPA, their judicial admission as to the purchase price of the property was sufficient to establish "by clear and specific evidence a prima facie case" that their DTPA claims are groundless in fact.

*See id.*; *In re Lipsky*, 460 S.W.3d at 590 (explaining that prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted").

To support their position that appellees failed to carry their burden, the Parks focus on the fact that appellees did not file a response to the Parks' motion to dismiss, and the Parks cite cases in which courts, including this Court, have relied on the nonmovant's failure to file a response to a motion to dismiss brought under the TCPA or to provide sufficient evidence under the second step of the procedure. *See, e.g.*, *Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 206 (Tex. App.—Austin 2017, pet. dism'd) (concluding that non-movant's "proof [fell] below the element-by-element, claim-by-claim exactitude required by the TCPA" under the second step of the procedure); *James v. Calkins*, 446 S.W.3d 135, 148 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (concluding that "appellees adduced no evidence to show that any fiduciary duty was breached" and, thus, that "evidence does not clearly and specifically establish all of the essential elements of a prima facie constructive fraud claim"); *Better Bus. Bureau v. BH DFW, Inc.*, 402 S.W.3d 299, 309–10 (Tex. App.—Dallas 2013, pet. denied) (concluding that nonmovant failed to offer any evidence of existence of alleged contract and failed to establish prima facie case for essential elements of breach of contract claim that was covered by TCPA). None of those cases, however, involved the type of judicial admission made by the Parks in the narrow context of this case in which we, as well as the trial court, are considering only the parties' pleadings to determine whether appellees' defensive claim brought under section 17.50(c) of the DTPA was subject to dismissal under the TCPA.

11

On this record, we conclude that appellees met their burden to establish a prima facie case for the essential element of their claim under section 17.50(c) of the DTPA—that the Parks' DTPA claims are groundless in fact. *See* Tex. Bus. & Com. Code § 17.50(c); *see also* Tex. Civ. Prac. & Rem. Code §§ 27.005(c), .006(a); *Hersh*, 526 S.W.3d at 468; *Coleman*, 512 S.W.3d at 899; *In re Lipsky*, 460 S.W.3d at 590.[3] We overrule the Parks' first and second issues.

**Attorney's Fees, Court Costs, and Sanctions**

Because we have concluded that the trial court did not err in denying the Parks' motion to dismiss under the TCPA, we deny their request to remand the case to the trial court for the award of court costs, attorney's fees, and other expenses and the imposition of sanctions. *See* Tex. Civ. Prac. & Rem. Code § 27.009 (requiring award of court costs, reasonable attorney's fees, and other expenses incurred in defending against legal action as justice and equity may require as well as sanctions when "court orders dismissal of a legal action under this chapter"). On this basis, we overrule the Parks' third issue.[4]

---

[3] Because we have concluded that the trial court did not err in denying the Parks' motion to dismiss on other grounds, we do not address appellees' other arguments to support affirming the trial court's order as to appellees' claim brought under section 17.50(c) of the DTPA. *See* Tex. R. App. P. 47.1, 47.4. Among those arguments, appellees contend that section 27.011(a) of the TCPA protects their DTPA claim from dismissal. *See* Tex. Civ. Prac. & Rem. Code § 27.011(a) ("This chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions.").

[4] The Parks did not argue to the trial court and have not argued on appeal that they were entitled to pursue their request for attorney's fees incurred in defending against the allegations contained in the two sentences that were asserted in appellees' original counterclaim but not included in their first amended counterclaim. *See, e.g.*, *Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 293 (Tex. App.—Austin 2018, pet. filed) (stating that parties presumed and acknowledged that nonsuit of claims "did not entirely moot appellants' TCPA motion challenging those claims—appellants could continue to pursue their requests for attorney's fees incurred in defending

12

**Conclusion**

Having overruled the Parks' issues, we affirm the trial court's order denying their motion to dismiss brought under the TCPA.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   October 10, 2018

---

those claims prior to their voluntary dismissal, as well as for the sanctions the Act would prescribe"). Thus, we have not considered this argument on appeal. *See* Tex. R. App. P. 33.1(a); *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 212–13 n.16 (Tex. 2011) (limiting analysis to issues that parties raised).

13